## WILLIAM L. WOOD *vs.* ARTHUR C. CUMMINGS.

Essex.    November 7, 1907. — January 1, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*False Imprisonment.   Assault and Battery.   Bankruptcy.   Jurisdiction.   Conversion.*

If a mortgagee of personal property of a bankrupt, having met by appointment the trustee in bankruptcy of the estate of the mortgagor, goes with him into the shop of the bankrupt, and, after having looked over and checked the property, tries to go out from the shop but finds the door fastened, and is told by the trustee in bankruptcy that the door was locked by his orders, the trustee saying to the plaintiff that he had the door locked because he " didn't know but that the plaintiff would have a gang there," and if, after sharp words with the trustee about the locking of the door, the mortgagee raps on the door which immediately is unlocked and he passes out, and the trustee then relocks the door, this is no evidence to support an action for false imprisonment by the mortgagee against the trustee in bankruptcy.

If, with the permission of the owner of a building, a mortgagee of personal property of a bankrupt who has a shop in the building enters the shop, when the trustee· in bankruptcy of the estate of the mortgagor appears, and says that he will try to put him out of the shop, and the two wrestle with each other for some time, but the trustee in bankruptcy, being unable to put out the mortgagee, leaves without doing it, and the mortgagee suffers no injury, this gives the mortgagee a right of action against the trustee in bankruptcy for nominal damages for assault and battery in having used force on the person of the mortgagee against his will and without justification of law.

Where a trustee in bankrupty has taken possession of the shop of the bankrupt and its contents and has locked the door of the shop and kept the key, this brings the property of the bankrupt in the shop within the jurisdiction of the court of bankruptcy, and one holding a mortgage on property of the bankrupt in the shop, who has become a party to the proceedings in bankruptcy, cannot obtain a revision of a decree of that court by bringing an action against the trustee in bankruptcy in a court of this Commonwealth for an alleged conversion of the property.

TORT with three counts, the first for assault and battery, the second for false imprisonment and the third for the alleged conversion of certain wood-working machinery and tools on the first floor of a building on Mill Street in the town of Hamilton.   Writ dated May 28, 1904.

In the Superior Court the case was tried before *Fox*, J.   The material facts in evidence were as follows :

On January 20, 1904, one John F. Smith of Hamilton was

adjudicated a bankrupt, and on February 29, 1904, the defendant became the trustee in bankruptcy of his estate.

Smith was an undertaker and a manufacturer of musical instruments and occupied as a shop the lower part of the building on Mill Street in Hamilton, in the upper part of which was a tenement occupied by Smith and his wife and children, the whole of the building and realty being owned by his wife, Bertha M. Smith.

At the time of the bankruptcy of Smith, the plaintiff held a mortgage upon his goods and chattels made on May 28, 1900, and recorded in the office of the clerk of the town of Hamilton, covering the engine hereinafter referred to, of which there was a breach of condition by non-payment of principal and interest at the time of the bankruptcy. There was due upon the mortgage at the time of the trial the sum of $446.14, principal and interest.

On February 29, 1904, the defendant as trustee in bankruptcy took possession of the shop and its contents and put ·a padlock on the door, to which he kept the key. The property in the shop consisted of various wood-working machines, a lot of tools which were admitted to be exempt and were thereafter set off to Smith by the bankruptcy court, and a shaft pump and the engine, which last named articles were included in the schedules filed by the bankrupt in the District Court of the United States, but by subsequent proceedings in the Superior Court were found to have been affixed to the realty and to be a part thereof and therefore to belong to Bertha M. Smith.

On March 1, 1904, Bertha M. Smith by her attorney sent to the defendant a notice as follows:

" You are hereby notified that I am the owner of the premises on Mill street, Hamilton, where I reside, and also part of which has been used by my husband, John F. Smith, for a shop, wherein are fixtures belonging to said house, and as you have the possession of the same and put a padlock on the door of said premises, you are hereby notified to remove any property to which you are entitled by law, from my said premises and said padlock without delay, or I shall hold you liable as a trespasser and also liable for all injuries occasioned by your stopping the heat and water from my premises."

The defendant did not comply with this notice, but on April 22, 1904, took away all the unsold property except the bankrupt's exemptions, the pump and the engine aforesaid.

On March 2, 1904, the plaintiff met the defendant by appointment. They came from the train together and went into the shop. One Walter Smith, who was with the defendant, remained outside by the door. After looking over and checking the property the plaintiff tried to go out from the shop, but found the door fastened, and was told by the defendant that the door was locked by his orders. The defendant stated to the plaintiff that he had the door locked because he " didn't know but that the plaintiff would have a gang there." Sharp words passed between the plaintiff and the defendant concerning the locking of the door. The defendant rapped on the window in the door, which immediately was unlocked by Walter Smith, and the plaintiff passed out of the shop. The defendant then relocked the door. The plaintiff testified that he suffered no injury nor damage whatsoever from this action of the defendant. This was all the evidence as to imprisonment.

The plaintiff then went upstairs and saw Mrs. Smith and got permission from her to enter the shop. He came down to the shop and finding the door thereof locked, broke it in and entered in the absence of the defendant, making a declaration that he intended to take possession and foreclose his mortgage. The defendant appearing later, objected and said he would try to put the plaintiff out of the shop. At once the plaintiff and the defendant wrestled with each other, and after some time the defendant, not being able to put the plaintiff out, left the premises. The plaintiff put on the door of the shop a padlock of his own and locked it. The plaintiff testified that he suffered no injury nor damage whatsoever from this action of the defendant. This was all the evidence as to assault and battery.

After the events narrated above the defendant filed a petition with the referee in bankruptcy for the district of Essex County, to whom the case of John F. Smith had been referred, and obtained from him an order restraining the plaintiff from interfering with the defendant's possession of the goods and premises aforesaid, and from foreclosing his mortgage, and directing the plaintiff to deliver to the defendant forthwith sole possession

of the goods and premises. This restraining order was served on the plaintiff on March 2, 1904.

The defendant on March 3, 1904, removed the padlock which had been put on by the plaintiff the day before. The defendant put on a padlock of his own and as trustee in bankruptcy had possession of the premises till April 22, 1904.

On March 10, 1904, the defendant as trustee filed a petition with the referee in bankruptcy praying for leave to sell all the assets of the bankrupt estate free from incumbrances, including the property mentioned in the mortgage of the plaintiff as hereinbefore stated, of which notice was given to the creditors, returnable on March 28, 1904. On March 28, 1904, the petition to sell the assets including the fixtures and the engine aforesaid, free from incumbrances, was granted by the referee after a hearing at which the plaintiff and the defendant were present and both were represented by counsel. The referee ordered the trustee to sell the property at private sale or public auction and file with the referee an accurate account of each article sold and the price received therefor and to whom sold. At the same time by order of the referee the lien of the plaintiff was found to be $390, and was transferred to the purchase money in the hands of the trustee.

The defendant as trustee then sold a portion of the property according to the order at a private sale upon the premises, but on April 5, 1904, was enjoined by the Superior Court from selling the pump and engine aforesaid and the fixtures connected therewith as being part of the realty belonging to Bertha M. Smith, which injunction was made perpetual in a suit in equity which had been brought on April 4, 1904, by Bertha M. Smith against the defendant.

On April 30, 1904, the defendant as trustee filed with the referee a petition, and on June 1, 1904, an amendment thereto, praying to have the order of sale and the order in relation to the lien of the plaintiff made on March 28, vacated, on the ground that these orders were granted with the understanding of the referee and all parties that the engine aforesaid formed a part of the bankrupt's assets, that it had since been decided by the Superior Court that it did not belong to the bankrupt but to his wife, that the plaintiff still had a lien on the engine by virtue of

his mortgage, that the value of the engine should be considered in fixing the amount of the lien of the plaintiff and should be deducted from the amount of the lien already found, that the order had been made under a mistake of fact, but that a portion of the property had been sold by the defendant as trustee for $145, by virtue of the order of sale and in good faith before any claim had come to his knowledge that the engine did not belong to the bankrupt's estate, and the defendant asked to be protected for these sales.

On June 29, 1904, after a hearing of which due notice was given to the plaintiff, the referee granted the petition and the amendment thereto and vacated the orders made on March 28 as to the sale and the lien of the plaintiff, except as to the property already sold by the defendant as trustee, the sales of which he confirmed, and the referee ordered the defendant to turn over to the plaintiff the sum of $145 less $20 incurred for reasonable and necessary expenses in selling, preserving and moving the property, and all property of the bankrupt's estate remaining unsold, and in case the plaintiff should not accept this, to hold the property and the sum of $125 subject to the further order of the bankruptcy court.

Thereafter, the defendant and his counsel went to the plaintiff and tendered him $125 in cash and the unsold property in storage, both of which the plaintiff refused, stating that he wanted the amount of his mortgage.

The judge found that the defendant had complied with all the orders of the referee in bankruptcy, and still held the unsold property and the sum of $125 subject to the further order of the bankruptcy court.

The laws of the United States relating to bankruptcy were put in evidence and the attention of the court was directed to § 67 which states that "Liens given or accepted in good faith and not in contemplation of or in fraud upon this act and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act."

Upon the foregoing facts the judge ordered a verdict for the defendant upon all the counts in the declaration, and at the request of the plaintiff reported the case for determination by this

court.   If upon the foregoing evidence the plaintiff was entitled
to recover upon the first or second count, judgment was to be
entered upon such count for nominal damages, and, if the plain-
tiff was entitled to recover upon the third count, judgment was
to be entered for $446.14; otherwise judgment was to be entered
for the defendant.

*H. Dunham*, for the plaintiff.

*G. C. Richards*, *(A. P. White* with him,) for the defendant.

KNOWLTON, C. J.   The plaintiff's claim of damages for false
imprisonment is not sustained by the evidence.   The testimony
shows that the locking of the door was not to imprison the
plaintiff, but for another purpose.   As soon as the plain-
tiff made known his desire to go out the door was unlocked,
and the plaintiff suffered no injury nor damage.   At ' the
time of the alleged assault the plaintiff had entered the shop
with the permission of the owner.   The defendant, appear-
ing later, objected, and said he would try to put the plaintiff
out of the shop.   " At once the plaintiff and defendant wrestled
with each other, and after some time the defendant, not being
able to put the plaintiff out, left the premises."   Here was a
use of force upon the person of the plaintiff, against his will and
without justification in law.   For this the plaintiff has a right
of action, and may recover nominal damages.   *Commonwealth* v.
*Collberg*, 119 Mass. 350.

.   The appointment of the defendant as trustee in bankruptcy
and his locking of the bankrupt's shop brought the bankrupt's
property in the shop, including that covered by the plaintiff's
mortgage, within the jurisdiction of the bankruptcy court.   *Ayers*
v. *Farwell*, 196 Mass. 349.   *White* v. *Schloerb*, 178 U. S. 542.
*In re* Kellogg, 121 Fed. Rep. 333, 336.   That court, therefore,
could deal with the property, and determine the rights of claim-
ants of it.   *In re Union Trust Co.* 122 Fed. Rep. 937.   *In re
Worland*, 92 Fed. Rep. 893, 896.   *In re Waterloo Organ Co.* 118
Fed. Rep. 904, 906.   *In re Wilka*, 12 Am. B. R. 727.   The plain-
tiff was a party to the proceedings in the court of bankruptcy
under which the defendant acted in the final disposition of the
property.   He did not seek a revision of these proceedings in
a higher tribunal, and we cannot revise them here.   If there
was error in them, which we do not intimate, the court had

jurisdiction of the parties and the subject matter, and its orders were binding. The defendant, as a trustee acting under such orders, is not liable in this action.

*Judgment for the plaintiff for nominal damages.*