## SHAMIS v. SEAMAN.

### Opinion delivered November 23, 1926.

1. PLEADING—MOTION TREATED AS DEMURRER.—A motion to dismiss a complaint in replevin because the court lacked jurisdiction, the defendant holding the property as trustee in bankruptcy, *held* properly treated as a demurrer to the complaint.

2. REPLEVIN—JURISDICTION.—The circuit court in replevin has no jurisdiction of property held by defendant as trustee in bankruptcy, since it has already passed into the possession of the bankruptcy court.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Sheffield & Coates,* for appellant.

*Moore, Walker & Moore,* for appellee.

WOOD, J. This is an action begun by George Shamis, hereafter called appellant, against Fred Seaman, trustee in bankruptcy of G. I. Shamis, bankrupt, hereafter called the appellee. The appellant filed his complaint in the circuit court of Phillips County, Arkansas, on January 29, 1925, wherein he alleged that he was the owner and entitled to the possession of a Ford touring car, described by number, of the value of $450. He alleged that the property was in the possession of the appellee and wrong-

fully detained by him under the false claim that the same was the property of one G. I. Shamis, who was lately adjudged a bankrupt, and that the appellee was the trustee of his estate in bankruptcy. Such was the effect of the complaint and the affidavit in due form for replevin of the car.

The appellee moved to dismiss the complaint, alleging in his motion that he was an officer of the United States Court for the Eastern District of Arkansas, the appellee being duly elected, qualified and acting trustee in bankruptcy of the estate of G. I. Shamis, bankrupt, and as such had the car in controversy in his possession. Appellee therefore alleged that the circuit court of Phillips County had no jurisdiction of the action, and prayed that same be dismissed. No written answer was filed by the appellant to the motion to dismiss.

The cause was heard, without objection by appellant, upon the complaint and affidavit in replevin and on the motion to dismiss. The court sustained the motion to dismiss, and entered judgment in favor of the appellee dismissing the appellant's complaint for want of jurisdiction, and directing that the appellant be required to turn over the property to the appellee as trustee in bankruptcy, and, if such restitution were not made, that the appellee have judgment on appellee's delivery bond in the sum of $450, the alleged value of the car. From that judgment is this appeal.

No motion for a new trial was filed, and there is no bill of exceptions in the record. Therefore it is apparent that the trial court treated appellee's motion as a demurrer to the complaint. The court ruled correctly in so treating it. Since the appellant admits, for the sake of argument, that G. I. Shamis was duly adjudged a bankrupt, and that the appellee was duly elected trustee in bankruptcy of the estate of G. I. Shamis, and, as such, took into his possession the car in controversy, the only question is whether or not the circuit court had jurisdiction.

The admitted facts show that the property in controversy was in possession of the appellee as the trustee in bankruptcy. The property had already passed into the possession of the bankruptcy court when the appellant instituted this action. The circuit court therefore had no jurisdiction. The law applicable to the facts pleaded and admitted is correctly announced in syllabus to *Orinoco Iron Co.* v. *Metzel,* 230 Fed. 40, as follows: "As to property within the custody of the bankruptcy court, its exclusive jurisdiction over the general administration of the bankrupt's estate carries with it exclusive authority to determine, not only the claims of creditors, but also adverse claims, whether by way of ownership or paramount liens." Numerous authorities to support the doctrine thus announced are cited at page 44 of the opinion. In *Taubel-Scott-Kitzmiller Co.* v. *Fox,* 264 U. S. 426, 68 Law. Ed. 425, at p. 434, the Supreme Court of the United States says: "Where the bankruptcy court had possession, it could, under the act of 1898, as originally enacted, and can now, determine in a summary proceeding controversies involving substantial adverse claims of title under subdivision (e) of § 67, under subdivision (b) of § 60, and under subdivision (e) of § 70. But in no case where it lacked possession could the bankruptcy court, under the law as originally enacted, nor can it now (without consent), adjudicate in summary proceeding the validity of a substantial adverse claim. In the absence of possession, there was, under the bankruptcy act of 1898, as originally passed, no jurisdiction, without consent, to adjudicate the controversy, even by a plenary suit." See cases cited in notes 17, 18 and 19.

If this were an action by the trustee in bankruptcy to determine the title and right to possession of George Shamis, the third party, to the property in controversy, the case would be different, and the authorities cited in brief of learned counsel for the appellant would be applicable. But such is not the case. The judgment of the Phillips Circuit Court is therefore correct, and it is affirmed.