Zepha I. Giffin, Appellant, v. Frank Petree, Trustee, et al., Respondents.*

Kansas City Court of Appeals.    April 29, 1929.

*Corpus Juris-Cyc. References: Bankruptcy, 7CJ, section 28, p. 34, n. 1.

*Horace Merritt* and *J. B. Hunt* for appellant.

*A. M. Tibbles* and *R. R. Bridgeman* for respondent.

BLAND, J.—On September 22, 1927, plaintiff brought a suit in the circuit court of Holt county, alleging that on or about the 23rd day of October, 1923, the defendant, Frank Petree, was duly appointed trustee in bankruptcy in the estate of John F. Iden who had been adjudged a bankrupt in the United States Court for the Western District of Missouri; that ever since said time said defendant had been the duly qualified and acting trustee of said estate; that on July 24, 1926, plaintiff was the owner and lawfully entitled to the possession of certain goods and chattels situated in certain buildings upon the real estate therein described located at Big Lake in said county; that the value of said goods and chattels was $3500; that "afterwards on the same day the defendants wrongfully took from the plaintiff and out of her possession and still unjustly, wrongfully and illegally detains the same at the county aforesaid to plaintiff's damages in the sum of thirty-five hundred dollars." (Here follows a description of the goods consisting of household goods and stock in trade.) The petition then alleges that the defendants took possession of the goods "unlawfully, wrongfully and maliciously;" that said goods and chattels were in the possession of the plaintiff and owned by her, and that defendants have "ever since continued in possession of the same and have converted same to their own use." Plaintiff prayed actual damages in the sum of $3500 "and because of the wrongful, ruthless, malicious and unlawful taking of her said property by the defendants plaintiff is entitled to exemplary or punitive damages in the sum of three thousand five hundred dollars ($3500)."

There are two prayers in the petition. One for $3500 actual and $3500 punitive damages and the other for the recovery of the pos-

session of the goods, $500 damages for the wrongful taking and detention of the same, "and in case a delivery thereof cannot be had then plaintiff prays judgment for three thousand five hundred dollars ($3500) for the value thereof and in either event for the further sum of three thousand five hundred dollars as her exemplary or punitive damages for the wrongful and unlawful and malicious taking and detention of the said goods and the said exemplary damages in the sum of seven thousand dollars, and for her costs in this behalf expended."'

The answer of the defendant, Frank Petree, admits his appointment and capacity as trustee in the estate of John F. Iden, bankrupt, but alleges that on May 24, 1926, on his application as trustee, the referee in bankruptcy made an order against the bankrupt requiring him to turn over to the said defendant all property mentioned and described in plaintiff's petition as the property of the bankrupt estate, that thereafter on or about July 24, 1926, said Iden in compliance with said turn-over order delivered to said defendant as trustee, the property mentioned in plaintiff's petition; that said defendant is now holding the same as the property of the bankrupt estate; subject to disposition under the bankruptcy act and orders of the United States District Court; that all of said property is therefore in the custody of the law and under the control of the United States District Court for the Western District of Missouri; that the circuit court of Holt county is therefore without jurisdiction and without authority to hear and determine the issues in this cause.

The separate answer of defendant Gresham admits that Frank Petree was trustee of the bankrupt estate as alleged in plaintiff's petition, and denies each and all other allegations in the petition contained.

The cause was tried before the court on the answer of the defendant, Petree, trustee, in the nature of a plea to the jurisdiction. At the conclusion of the testimony the court dismissed the cause for lack of jurisdiction in the circuit court of Holt county. Plaintiff has appealed.

The pleadings admit that Petree was serving as trustee of the estate of John F. Iden, bankrupt, and was appointed as such trustee on the 23rd day of October, 1923. The documentary evidence introduced on behalf of the defendant, Petree, shows that on May 24, 1926, the referee in bankruptcy, on the petition of the trustee, made a turn-over order directing John F. Iden, bankrupt to turn over the goods and chattels involved in this controversy, finding that the said Iden was the owner and in possession of the same on his hotel property at Big Lake in Holt county. On the 14th day of June, 1926, the referee denied a petition for a review filed by the bankrupt on June

9, 1926, to review the turn-over order entered on May 24, 1926. On June 30, 1926, the referee denied the petition of the bankrupt for a review of the order denying the petition for review filed by the bankrupt on June 9, 1926, and refusing to certify the matter to the judge of the United States District Court.

On June 9, 1926, the plaintiff herein filed a pleading in the cause designated therein as "application in the nature of inter-plea . . . on order to turn over personal property," alleging that she was appearing "specially for the purpose of this application and motion only." This petition was signed by the same attorneys who represented the bankrupt and sworn to by the bankrupt as the attorney in fact of the plaintiff herein. In this petition plaintiff claimed ownership of the property; that the bankrupt had nothing to do with the property "except as the agent and representative of this petitioner;" that the turn-over order was made without notice to her or without her being heard, and prayed the court to set aside the turn-over order and to require the trustee "to obtain the possession of the same (the goods and chattels) from this petitioner by due process of law" and in order that "her said ownership of said property may be adjudicated by the court and her rights thereto protected by the Constitution and laws of her State." On June 14, 1926, the referee in bankruptcy denied plaintiff's petition.

On the 23rd day of July, 1926, the Judge of the United States Court, on motion of the trustee, adjudged the bankrupt to be in contempt of court, having disobeyed the order of the referee made on August 28, 1925, directing the bankrupt to turn over and deliver into the possession of the trustee said real estate located on Big Lake in Holt county, adjudged the bankrupt in contempt of court for having disobeyed such order, and that he be committed to jail until such time as the order should be obeyed and until he delivered possession of the property to the trustee. This order was served upon the bankrupt on July 24, 1926, and on the same day the bankrupt delivered over the real estate together with the goods and chattels in controversy, to the trustee, but under protest and in order to purge himself of contempt, and the trustee took possession of the property in controversy in this action. Thereafter a notice was served upon the trustee signed by the plaintiff by John F. Iden, her attorney in fact, stating that plaintiff "of Midwest, in the State of Wyoming, owns and claims to own" the goods and chattels in controversy. Thereafter this suit was brought.

It is difficult to determine exactly what remedy plaintiff is attempting to obtain under her petition. It contains a prayer for damages coupled with another prayer seeking to replevin the property. Plaintiff admits that the court had no jurisdiction to entertain a petition

for the recovery of the possession of the goods. This no doubt is on the theory that the goods were in the custody of the trustee who was an agent of the United States District Court and the property cannot be taken out of the possession of that court by an order from a State court. [See, also, Mfg. Co. v. Powell, 98 Mo. App. 530; White v. Schloerb, 178 U. S. 542; Berman v. Smith, 171 Fed. 735, 742; Crosley v. Spear, 98 Maine, 542; Shamis v. Seaman, 287 S. W. 1012 (Ark.).]

We think that the plea to the jurisdiction was prematurely filed by the defendant. The petition contained two causes of action in one count, one for conversion and one in replevin. The State court had jurisdiction of the former (In re Russell, 101 Fed. 248; In re Spechler Bros., 185 Fed. 311; In re Plattesville Fdy. & Mch. Co., 147 Fed. 822; In re French Hilding v. Guaranty Bond Co., 18 Fed. (2d) 792; Louisville Trust Co. v. Commingor, 184 U. S. 18; In re Spitzer, 130 Fed. 879), but not the latter. The petition improperly joined two causes of action in one count and defendant should have first filed a motion to require plaintiff to elect one and to strike out the other. [Kern v. Pfaff, 44 Mo. App. 29; Harris v. Ry., 51 Mo. App. 125; Childs v. Ry., 117 Mo. 414; Jordan v. Transit Co., 202 Mo. 418, 426.] Had plaintiff elected to proceed in replevin then the plea to the jurisdiction would have been good.

If plaintiff had become a party to the proceedings in the United States Court when she filed her intervening petition requesting that the turn-over order of May 24, 1926, be set aside, then she would have been relegated to that court for any remedy that she might seek (In re Mertens, 131 Fed. 507; Wood v. Cummings, 197 Mass. 80; 7 C. J., p. 259; 15 C. J., pp. 1134, 1160), but she had no right to intervene in the manner attempted. The turn-over order was not binding on her in any manner. She was not a party to that proceeding, but was a mere interloper and could not invoke the jurisdiction of the Federal court in the manner she sought. It is not surprising that the referee peremptorily denied her petition without a hearing.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

---

*Corpus Juris-Cyc. References: No annotations.