SECURITY MORTGAGE COMPANY *v.* BELL.

Opinion delivered October 24, 1927.

1. APPEAL AND ERROR—ORDER SUSTAINING DEMURRER—EXCEPTION.— Objection and exception to the court's ruling sustaining a demurrer to portions of a complaint saves the point for review on final adjudication and appeal of the whole action.

2. APPEAL AND ERROR—PREMATURE APPEAL.—An appeal from an order dismissing a complaint as to certain paragraphs, but leaving the paragraph which presented a triable issue, *held* prematurely taken, since the issue should have been tried and objection to the demurrer urged on final appeal from the whole action.

Appeal from Clark Chancery Court; *C. E. Johnson,* Chancellor; appeal dismissed.

*Gustavus G. Pope,* for appellant.

*Joseph Calloway,* for appellee.

HUMPHREYS, J. Appellant instituted this suit against appellees in the chancery court of Clark County to redeem certain lands described in the complaint from a sale by the Ross Drainage District of said land on October 3, 1922, in a foreclosure proceeding, to satisfy its lien for delinquent benefit taxes due for the year 1921. Omitting the caption and other formal parts the complaint is as follows. On October 2, 1925, appellants filed the following complaint:

"Comes the Security Mortgage Company, a corporation domiciled at Texarkana, Arkansas, and for their cause of action against James Bell, Lula Bell, Alfred Terrell, ................ Terrell, his wife; the Citizens' National Bank, the Saunders Mercantile Company, a corporation, John F. Bevill,.........................Bevill, his wife, and O. O. Meek, and...................., his wife, defendants, allege:

"That, on February 20, 1919, James Bell and Lula Bell executed and delivered to the Security Mortgage Company their promissory note in the sum of $2,000, due March 1, 1926, with semi-annual coupons covering the interest on said note, and said note provides that failure to pay either installment of interest when due shall, at the option of the holder, mature the entire indebtedness, principal and interest, a copy of which note is hereby attached, marked Exhibit A, and made a part hereof; that on said February 20, 1919, said James Bell and Lula Bell executed and delivered as security for the payment of said note a mortgage conveying the following described lands, located in Clark County, Arkansas, to-wit: The south half of the northeast quarter of the northwest quarter; the south half of the northwest quarter, and the northwest quarter of the southwest quarter of section 34, township 8 south, range 20 west. Said mortgage provides that failure to pay any installment of interest, or the taxes and assessments for local investments, shall, at the option of the Security Mortgage Company, mature all of said indebtedness, principal and interest earned. A copy of said mortgage is hereto attached, marked Exhibit B and made a part hereof; that said James Bell and Lula Bell have failed and refused to pay the various installments of interest due to this date, as shown by the interest coupons attached to said note, and have failed and refused to pay the taxes and the assessments due Ross Drainage District when due and payable, and therefore the entire indebtedness, principal and interest, is declared due and payable.

"Section 1. Plaintiffs further allege that, on or about November 19, 1919, said James Bell and Lula Bell executed and delivered a warranty deed to Alfred Terrell, in consideration of the assumption of the above indebtedness, conveying the following lands in Clark County, Arkansas, to-wit: The northwest quarter of the southwest quarter of section 34, township 8 south, range 20 west; said deed is duly recorded in the office of the recorder in and for Clark County, Arkansas, in record book 89, at page 437.

"Section 2. Plaintiffs further allege that, on June 8, 1922, in the case of B. F. Dooley, as trustee, the Saunders Mercantile Company and the Citizens' National Bank, plaintiffs against James Bell, Lula Bell, the Security Mortgage Company, the McIver Abstract Company, N. R. Franklin, and W. B. East, as trustee, defendants, a decree was rendered by the chancery court of Clark County foreclosing certain indebtedness due the plaintiffs in said suit, and declared same subject to the indebtedness due the Security Mortgage Company, as hereinbefore set out, and, said indebtedness not being due, and said defendant, Security Mortgage Company, electing not to foreclose their first lien, said lands were ordered sold subject to said mortgage; and that, under the decree, the following lands were sold to the Citizens' National Bank and the Saunders Mercantile Company, located in Clark County, to-wit: the south half of the northeast quarter of the northwest quarter and the south half of the northwest quarter of section 34, township 8 south, range 20 west. A commissioner's deed was duly executed December 7, 1922, conveying said lands to the Citizens' National Bank and the Saunders Mercantile Company, and is now on record in the office of the recorder in and for Clark County, Arkansas, in record book 110, at page 259.

"Plaintiffs further allege that, on October 3, 1922, upon constructive service only, a decree was rendered by the chancery court of Clark County, Arkansas, in the case of the board of directors of Ross Drainage District,

plaintiff, against James Bell as the supposed owner of the following described lands located in Clark County, Arkansas, for the drainage assessments, to-wit: The south half of the northeast quarter of the northwest quarter and the south half of the northwest quarter of section 34, township 8 south, range 20 west; that neither the Saunders Mercantile Company nor the Citizens' National Bank nor the Security Mortgage Company were made parties to said suit, although said decree of foreclosure above set out and under which the legal title was vested in them was entered long prior to the filing of said suit for the collection of the assessments due said Ross Drainage District. Said proceedings are therefore void for lack of legal service as provided by law.

"Section 3. Plaintiffs further allege that said lands were sold under the provisions of said decree to the Ross Drainage District and the purported legal title vested in said district; that said Citizens' National Bank and the Saunders Mercantile Company, as owners of the legal title, subject to mortgage of plaintiffs herein, failed to redeem said lands from said decree of foreclosure in favor of said Ross Drainage District, as provided by the act creating said district; that Callaway & Callaway, attorneys at law, of Arkadelphia, Arkansas, were the attorneys for the Ross Drainage District, and were also the attorneys for the Citizens' National Bank, and that, through the connivance of said attorneys, said drainage district, upon payment of the assessments due, amounting to $75.75, conveyed said lands to one John F. Bevill for the use and benefit of said bank and said Saunders Mercantile Company, the owners as above alleged; that the purpose of said conveyance was to defeat the plaintiffs' first mortgage hereinbefore set out as a lien against said lands; that said owners were collecting the rents and profits from said lands, and it was their duty to redeem same, and said transfer should be treated as a redemption.

"Plaintiffs further allege that the actual value of said lands is unknown to them, but that same are worth at least the sum of $1,000.

"Plaintiffs further allege that thereafter, through the connivance of said attorneys with said bank and mercantile company, and for the purpose of further concealing the interest of said bank and mercantile company, and to defeat the plaintiffs' first lien, plaintiffs are informed and believe that said John F. Bevill and wife conveyed said lands to O. O. Meek for a nominal consideration, although his deed does not appear of record.

"Plaintiffs further allege that they are entitled to redeem said lands from the sale to the Ross Drainage District, said pretended sale being merely a redemption in fact for the benefit of the legal and equitable owners of said lands.

"Section 4.  Plaintiffs further allege that they are entitled to redeem from said sale, under the decree of court to the Ross Drainage District, by virtue of act No. 43 of the Acts of the Legislature of Arkansas for the year 1915 (1915 Acts 123), which provides that plaintiff shall have five years in which to redeem from said sale, and they here offer to pay the amount necessary under the law for the redemption of said lands upon being informed of the correct amount.

"Wherefore plaintiffs pray that they have a judgment for the amount of principal and interest due said James Bell and Lula Bell, as herein set out, and for all costs; that they be permitted to redeem from the sale for the assessments due Ross Drainage District, as herein set out, and that said lands be ordered sold for the satisfaction of the amounts due them, and for all other proper and equitable relief."

Appellee, O. O. Meek, demurred in the lower court to §§ numbers 2 and 3 and the first paragraph of § 4, each section being demurred to separately.  The trial court sustained appellee's demurrer to § No. 3 and the first paragraph of § No. 4, but overruled it as to § No.

2.   Appellant refused to plead further, and said complaint was dismissed as to § 3 and the first paragraph of § 4, from which order plaintiff appealed.   Appellees filed a motion to dismiss the appeal, on the ground that it was prematurely taken.   'After the demurrer was sustained to § 3 and the first paragraph of § 4 of the complaint and the complaint embracing these sections was dismissed, § 2 of the complaint remained, the demurrer having been overruled as to it.   This section of the complaint tendered an issue as to the validity of the tax foreclosure sale, which should have been tried before an appeal was granted and perfected.   An objection and exception to the ruling of the court sustaining a demurrer to the third section and first paragraph of the fourth section of the complaint fully saved the point for review by this court on final adjudication and appeal of the whole action. This court said, in the case of *Davie* v. *Davie*, 52 Ark. on page 227, 12 S. W. 558, 20 Am. St. Rep. 170:

"The object of the limitation is to present the whole cause here for determination in a single appeal and thus prevent the unnecessary expense and delay of repeated appeals."

As the appeal must be dismissed for being prematurely taken, we refrain from passing upon the issues determined upon demurrer until the whole case is brought before us on appeal properly taken and prosecuted.

The appeal is therefore dismissed, and the cause is remanded for proceedings not inconsistent with this opinion.