RENNER v. PROGRESSIVE LIFE INSURANCE COMPANY.

4-4001

Opinion delivered December 2, 1935.

*John W. Nance*, for appellant.

*E. M. Arnold* and *Duty & Duty*, for appellees.

JOHNSON, C. J. On the threshold of this appeal we are confronted with appellees' motion to dismiss the appeal or to affirm the judgment of the lower court because not prosecuted from a final judgment or appealable decree. The history of this litigation necessary to an understanding of the merits of the motion is: In the early part of 1932 appellant brought suit against appellees in the circuit court of Benton County to recover an alleged balance due under a contract of sale of the assets and physical properties of an insurance company. Thereafter the complaint was amended, and at the September, 1932, term of said court a demurrer was interposed and sustained with leave to appellant to amend. Subsequently the complaint was again amended, and at the March, 1934, term of said court appellant dismissed his complaint as amended, without prejudice. Thereafter and within one year after said dismissal this suit was instituted by appellant in the Benton Chancery Court. The complaint thus filed in effect alleged a cause of ac-

837

tion for recovery of the balance due on a contract of sale; secondly, that appellees had unlawfully converted the assets of an insurance company which in the main belonged to appellant and his associates. A demurrer to this complaint was interposed by appellees, and upon hearing the court treated same as a motion to transfer to the law court, and upon this theory it was sustained. When the cause reached the law docket, a demurrer was again filed by appellees and also a motion to dismiss was interposed, and upon a hearing the trial court made and entered the following order:

"It is therefore by the court considered, ordered and adjudged that defendant's demurrer to plaintiff's complaint be, and the same is hereby, sustained; that defendant's motion to dismiss the complaint is sustained as to that part of same which seeks to recover the balance due on the contract sued upon, and leave is granted to the plaintiff to amend that part of his complaint which seeks recovery for wrongful conversion of the property, and it is further ordered and adjudged that the part of plaintiff's complaint which seeks to recover the balance due on the contract sued upon be, and the same is hereby, dismissed; and, to the ruling of the court in sustaining said demurrer and dismissing that part of plaintiff's complaint seeking recovery of the balance due upon the contract sued upon, the plaintiff duly objected and excepted and prayed an appeal to the Supreme Court of Arkansas, which appeal is granted, and the plaintiff is given thirty days in which to file a motion for new trial and sixty days in which to file his bill of exceptions."

The effect of the foregoing order was to dismiss appellant's complaint in part only, and to retain a substantial part thereof for trial. In *Security Mortgage Company* v. *Bell,* 175 Ark. 128, 298 S. W. 865, reading from the second headnote, we stated the applicable rule as follows: "An appeal from an order dismissing a cause as to certain paragraphs but leaving the paragraph which presented a triable issue, *held* prematurely taken, since the issues should have been tried and objections to the demurrer urged on the final appeal from the whole action."

Appellant's cause being dismissed in part only this appeal is prematurely prosecuted, and must be dismissed.