DUNKLIN v. WATKINS, ADMINISTRATOR.

4-6383                                      151 S. W. 2d 978

Opinion delivered June 2, 1941.

*Gordon Armitage,* for appellant.

*Harry Neelly* and *C. E. Yingling,* for appellee.

GRIFFIN SMITH, C. J. Judgment for $660 for rent due on residential property owned by S. M. Acker, deceased, was procured by the administrator. It is questioned on grounds shown in the footnote.[1]

---

[1] "Because the court erred in sustaining the demurrer of the plaintiff to the defendant's answer. (2) Because the court erred in refusing to permit the defendant to file answer after the case was called. (3) Because the court erred in refusing to permit the attorney for the defendant to cross-examine the plaintiff. (4) Because the court erred in refusing to permit the defendant to offer testimony. (5) Because the court erred in giving oral instructions directing a verdict for judgment of $660 over the objections of the defendant."

The complaint alleged (and the answer admitted) representative capacity of the administrator and other jurisdictional matters. The answer alleges that in October, 1934, the appellant's wife rented the property from Mrs. Ethel Acker (wife of the decedent) at $30 per month, on condition that the premises be kept in the condition they were in when possession was taken. Payments were made to Mrs. Acker for six months. Soon thereafter, the answer alleges, a controversy arose between Mrs. Acker and the administrator, each claiming the right of collection. It is further alleged that appellant did not personally contract with the administrator for use of the property, but continued to reside therein under the purported agreement between Mrs. Acker and Mrs. Dunklin. This contract, according to the answer, was ratified by the administrator when (August 7, 1937) he represented to appellant that unless part payment of rents should be made the property would forfeit for taxes. Acting upon such representation, ''and upon agreement of the plaintiff to comply with terms of the contract [made by Mrs. Dunklin with Mrs. Acker], defendant paid plaintiff the sum of $600.''

It is then alleged that the representations regarding impending tax forfeitures were untrue, and that the administrator failed to abide the agreement to make repairs. A personal debt of $67 due by Mrs. Acker to appellant (who is a physician) was alleged, together with an item of $44.82 for repairs.

Finally, the defense interposed was that through failure of the administrator to maintain repairs, rental value of the property was less than $25 per month. It was conceded that $338.18 was due.

January 24, 1940, the court determined, as a matter of law, that the answer did not state a defense. The defendant refused to plead further, and the court adjudged that the answer be dismissed and stricken from the files. Defendant excepted. The appeal was lodged in this court February 28, 1941—more than a year after judgment was rendered on the demurrer.

In the meantime (September 2, 1940) the pending complaint was called to the court's attention. The record

recites: ". . . The [case of *T. A. Watkins, Administrator,* v. *A. J. Dunklin*] came on for hearing . . . and all parties announcing ready for trial, a jury was empaneled and . . . evidence was taken and proceedings had."

The administrator testified that he let the property to appellant at a monthly rental of $30, beginning in April, 1935, and that it was so occupied until October, 1939. Payment was made for 48 months, and "$645 would be due if he owes fractional months; if he owes full months, it is $660." No notice was given by the tenant that he expected to move.

On cross-examination appellant's attorney asked: "When did you rent [the property] to him?" The question was objected to. The ruling was: "The only question for the jury to determine is the actual amount." Appellant's attorney: "Note our exceptions." The witness was excused.

Appellee's attorneys then requested an instructed verdict for $660, which was given. Exceptions were saved.

It is first insisted that the court erred in sustaining the demurrer to appellant's answer. The judgment of September 2, 1940, recited that the defendant appeared by his attorney and announced ready for trial. There is nothing in the record to sustain appellant's second assignment—that the court erred in refusing to permit the defendant to file an answer after the case was called. There may have been such refusal, but we must rely upon the transcript, and it does not contain anything suggestive of a request of this nature. It therefore appears that the defendant continued to stand on his right to contest, by appeal, the court's action of January 24 in sustaining the demurrer to the answer and in directing that the answer be stricken from the files.

We do not determine whether the court's ruling on the demurrer was proper. It was a final order, and appealable. In *Melton* v. *St. Louis, I. M. & S. Ry. Co.*, 99 Ark. 433, 139 S. W. 289, there had been an order sustaining a demurrer to the complaint. It was held that this, alone, was not a final judgment for the reason that the

plaintiff, after the demurrer had been sustained, had the right to amend the complaint. "The plaintiff may, however," says the opinion, "elect to stand upon his pleading and refuse to amend his complaint. Until the plaintiff makes such an election and refuses to amend his complaint, the decision and order of the court sustaining a general demurrer thereto do not constitute a final judgment in the action. But when the plaintiff has elected not to amend his complaint, then the adjudication of the court sustaining the general demurrer thereto does become a final determination of the issue of law deciding the merits of the case, and it is then a final judgment which can be set aside only upon appeal."

In January, 1940, the court found, as a matter of law, that the defendant's answer did not state a defense. As far as the record reflects, the defendant, whose answer had been dismissed, was insisting then, and in September, that the court's January order was erroneous. He could not, therefore, participate in a trial under an answer that did not exist in contemplation of law. It seems that as a matter of courtesy, but not of right, the court permitted appellant's attorney to ask certain questions; and it is now insisted that effect of the court's ruling in response to an objection by one of appellee's attorneys was to deprive appellant of the right to cross-examine the administrator, the question being, "when did you rent the property?"

The court did not hold the inquiry to be inadmissible. On the contrary, it held that the only question for the jury's determination was the amount of the debt. Without explaining the purpose of the question (which was appropriate in determining what sum was due), appellant's attorney asked that his exceptions be noted. It is clear the court's ruling was that testimony relating to the amount due was admissible. Appellant, however, discontinued the examination with the request that his exceptions be noted; nor did he offer evidence contrary to that given by the administrator.

The fourth assignment is that the court refused to permit the defendant to offer testimony. Even if this

right had existed in the absence of an answer, the record fails to sustain the contention that there was such refusal.

In the absence of testimony contradicting the administrator, the court correctly instructed a verdict for $660.

This is not an action for damages, and the cases cited by appellant relating to procedure essential in determining extent of liability are not applicable.

For failure to perfect the appeal within six months from date of order sustaining the administrator's demurrer to the answer, and because the testimony of the administrator was uncontradicted, the judgment is affirmed.