SPRUILL *v.* HAMILTON.

4-7406            181 S. W. 2d 35

Opinion delivered June 19, 1944.

*Isaac McClellan,* for appellant.

*Ed F. McDonald,* for appellee.

McFADDIN, J. The question argued by the parties is whether the complaint and amendments state a cause of action; but we do not reach that question because we hold that there was no final order in the circuit court from which an appeal would lie to this court.

Appellees filed action in the circuit court praying damages for $1,300 for defendants (appellants') failure to complete a real estate transaction. There were three amendments to the complaint and also a response to a motion to make more definite and certain: all of which, with the original complaint, made five pleadings seeking to state a cause of action. The defendants filed a demurrer to the complaint and all amendments; and the following appears as the order of the court:

"The demurrer of the defendants filed herein was by the court overruled. To which ruling of the court the defendants at the time objected and excepted and asked that its exceptions be noted of record, which is accordingly done.

"And thereafter, the defendants refused to plead further, desiring to stand on their demurrer, and plaintiff did not desire to plead further.

"And thereupon defendants prayed the court to grant to it an appeal to the Supreme Court of the State of Arkansas, which was by the court allowed; and defendants were given 90 days from February 21, 1944, within which to prepare and file its bill of exceptions."

The above is the only entry in the transcript that purports or attempts to be a final order; and we hold that the said entry—as copied above—was not a final or appealable order. The complaint was for unliquidated damages, and we cannot tell from the above order how much, if anything, the plaintiffs were to recover.

In *Stewart* v. *Mt. Olive Stave Company,* 280 S. W. 357 (noted but not reported in 170 Ark. 1194), the order was: "On this day comes the defendant, by F. E. Brown, its attorney, and files a demurrer to the amended complaint, which is presented to the court, and, after hearing the argument of counsel, the court, being well and sufficiently advised in the premises, sustains said demurrer, and the plaintiff duly excepts to the order and ruling of the court and declines to plead further, prays an appeal to the Supreme Court, which is granted, and is allowed four months in which to prepare and file his bill of exceptions."

And of that order Mr. Justice HUMPHREYS, speaking for this court said: "Under the consistent ruling of this court the order in question was not a final or appealable order. It was only an interlocutory order; hence the appeal was premature."

In the case of *Fairview Coal Company* v. *Arkansas Central Ry. Co.,* 153 Ark. 295, 239 S. W. 1058, the order was: " 'Demurrer is by the court sustained; plaintiff at the time excepts and declines to plead further, and prays an appeal to the Supreme Court, which is granted, and 90 days given to file bill of exceptions herein'."

Mr. Justice HUMPHREYS, again speaking for this court and after citing earlier cases, said of this order: "In the instant case it will appear by reference to the order that no final judgment was rendered dismissing the complaint; also that no judgment for costs was rendered against appellant. It was clearly an interlocutory order, unless the use of the language to the effect that appellant refused to plead further amounted to a final disposition of the case. We think this language a mere recital of the attitude of appellant, and in no sense an act or order of the court. . . . As no judgment was in words rendered disposing of the cause of action, or language used in the order importing that it was a final disposition of the case, the appeal was premature. The appeal is therefore dismissed without prejudice."

There are many other cases all to the same effect and collected in West's Arkansas Digest, "Appeal and Error," § 78 (3); but the two cases above cited are ruling.

It, therefore, follows that there has been no final disposition of the present case in the circuit court and the attempted appeal is premature; and the appeal is, therefore, dismissed without prejudice.