FLANAGAN *v.* BURDEN CONSTRUCTION CORP.

5-3257                                377 S. W. 2d 870

Opinion delivered April 27, 1964.

*Lookadoo, Gooch & Lookadoo, Huie & Huie, Shaver, Tackett & Jones, William Deer, D. H. Crawford, Autrey & Goodson,* for appellant.

*Steel & Downey* and *House, Holmes, Butler & Jewell,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Natural Gas Pipeline Company of America, filed this suit under the U. S. Natural Gas Act to condemn an easement for a pipeline right-of-way across the property of appellants, the Flanagans and the Bartons. Immediate possession of the right-of-way was obtained. Appellant property owners filed an answer and cross-complaint against the pipeline company. The property owners also filed a cross-complaint against appellee, O. R. Burden Construction Corporation, in which they sought compensation for damages alleged to have been caused by the construction of the pipeline.

The original plaintiff, the pipeline company, then filed a cross-complaint against the contractor, Burden,

asking that it be reimbursed for the amount of any judgment that might be rendered against it due to any action on the part of the contractor. Burden filed an answer to both cross-complaints, but later filed motions to strike the cross-complaints. The motions were granted, and the pipeline company and the landowners have appealed.

Appellants, the pipeline company and the landowners, contend that they have the right to make appellee a party defendant under the provisions of Ark. Stat. Ann. § 27-1134 (Repl. 1962), which provides for bringing in other parties by way of a cross-complaint, but this provision of the statute does not prevent the trial court from exercising discretion in deciding the question of whether a third party may be brought into the case. It will be noticed that the statute provides: "A defendant may file a cross-complaint against persons other than the plaintiff . . . when a judgment can be rendered therein that will not prejudice the rights of the parties to the cross-complaint." It is for the trial court to determine, in advance of the trial on the merits, whether a judgment can be rendered that will not prejudice the rights of the parties to the cross-complaint.

After a hearing on the motions to strike the cross-complaints, the trial court said: "If Burden is forced to remain in this case it is readily seen that the proceedings will become infiltrated with the law of contracts, the law of negligence, contributions among joint tortfeasors, etc. I do not believe that Burden can be forced to remain in the case and at the same breath be denied the right to bring in other contractors in an effort to obtain any rightful offset. Furthermore, the contract between the pipeline company and Burden would necessarily become a factor in the case."

It can easily be seen that if the motions to strike the cross-complaints had been overruled, the issues could have become so complicated that it would be very difficult for twelve jurors to keep from becoming utterly confused. In all probability, the appellee contractor would have wanted to file a cross-complaint against one

or more subcontractors, and the subcontractors might want to bring in other subcontractors. The litigation between the pipeline company and the landowners would be a condemnation proceeding; the action between the landowners and the contractor would be in tort; the action against the contractor by the pipeline company would be ex contractu or ex delicto, or both; the actions by the contractor against subcontractors could be on a contract or in tort. There is no telling how many parties would finally be involved.

Ark. Stat. Ann. § 27-1124 (Repl. 1962) provides: ''When it appears that a new party is necessary to a final decision upon the counterclaim, the court may either permit the new party to be made, by a summons, to reply to the counterclaim in the answer, or may direct that it be stricken out of the answer and made the subject of a separate action.''

Appellants suggest that the failure to bring the contractor into the case by way of cross-complaint could make available to the contractor a plea of res judicata in the event that suits were filed against the contractor at a later date. Without going into a discussion on when the doctrine of res judicata is applicable, suffice it to say that here, since the appellee was dismissed from the case on its own motion, it would be estopped to say that a judgment rendered in the cause would be an adjudication of its rights. 30 Am. Jur. 378; *Virginia-Carolina Chemical Co.* v. *Kirven*, 215 U. S. 252.

Appellants argue that by filing an answer prior to filing the motions to strike the cross-complaints appellee waived its right to be dismissed from the action. In support of their position on this point appellants cite *Flanagan* v. *Drainage Dist. No. 17*, 176 Ark. 31, 2 S. W. 2d 70; *Drainage Dist. No. 7* v. *Haverstick,* 186 Ark. 374, 53 S. W. 2d 589; *Teasley* v. *Thompson,* 204 Ark. 959, 165 S. W. 2d 940; and *Morris* v. *Varnell,* 222 Ark. 294, 258 S. W. 2d 889. In none of the aforesaid cases was the question of a party's right to be dismissed raised by a demurrer, in the answer, or by a motion prior to a trial on the merits.

In fact, the question was not raised until after both parties had rested, or until the case had reached the Supreme Court. Here, the question was raised before the case was reached on its merits, and appellants were in no way prejudiced by the question being raised by a motion to strike instead of it being raised in the answer.

Affirmed.

McFADDIN, J., concurs.