R. H. HORTON et al *v.* City of PARAGOULD,
Arkansas et al

74-162                                    516 S.W. 2d 370

Opinion delivered December 2, 1974

*Rhine & Rhine,* for appellants.

*Cathey, Brown, Goodwin & Hamilton,* for appellees.

J. FRED JONES, Justice. This is an appeal from a circuit court order overruling a demurrer and dismissing parts of a cross-complaint or counterclaim.

The appellee-plaintiffs as Mayor and city councilmen of the City of Paragould, together with appellee-plaintiffs Harris and Smith as newly elected water and sewer commissioners, filed suit in circuit court against the appellant-defendants as individuals and as water and sewer commissioners, and as members of a class of property owners in Water and Sewer Improvement District No. 3 of the City of Paragould.

The ten page complaint traced the legislative and ordained history of Improvement District No. 3 and alleged that under the provisions of the state law and municipal ordinances, Improvement District No. 3 had fulfilled the purpose of its creation and that by operation of law the ownership of the water and sewer system and its facilities had reverted to the citizens of Paragould, to be operated under the supervision and control of the governing body of the City of Paragould. The complaint then alleged that the defendant-commissioners had refused to recognize Harris and Smith as newly elected members of the commission; that they had neglected and refused to account to the City of Paragould, through its Mayor and city council, as to any of the official acts of the commission pertaining to the finances and operation of the water and sewer system of the city; had failed to keep accurate records of business transactions and had in fact usurped the offices of Harris and Smith, and had refused to permit the city council to inspect or copy water and sewer records.

The amended complaint then prayed for a declaratory judgment determining the ownership and right to manage and control the water and sewer system of the City of Paragould, and for an order directing the defendant-appellants Keeton and Gardner to cease the usurpation of the offices rightly belonging to Harris and Smith; for a mandatory injunction requiring the defendants to make available to the plaintiffs and the citizens of Paragould, access to the records of the water and sewer commission, and requiring them to comply with ordinances of the City of Paragould, and to render an accounting to the City of Paragould for the receipts and disbursements of funds passing through their hands as such commissioners, and to make certain reports to the city council.

The appellant-defendants filed a general demurrer to the complaint alleging that it did not state facts sufficient to constitute a cause of action and praying that the complaint be dismissed. The appellants then filed a 50 page brief in support of their demurrer and it is included in the record on this appeal. The appellee-plaintiffs made request for admissions and in response thereto, the appellant-defendants refused to admit or deny any of the requests made by the plaintiff-appellees until after their general demurrer was acted on by the trial court.

The appellant-defendants then filed an answer and cross-complaint in which they, in effect, denied each material allegation in the complaint. The defendant-appellants alleged in subsections (a) and (b) of Section VIII of what they termed a "Taxpayer's Cross-Complaint Against the Plaintiffs" that the city council had passed an ordinance in which a provision provided that the operation of the water works and sewer system and collection of revenues therefrom, should be under the control of the water and sewer system "heretofore established and presently functioning in the City." They then alleged that the board, so referred to in the ordinance, was the same board as the named defendants; that the plaintiffs were estopped to challenge the authority of said board because of their contractual obligations set out in the ordinance, and that the Acts and ordinances relied on by the appellee-plaintiffs were unconstitutional and void.

In subsections (c) through (k) the cross-complaint then alleged various acts amounting to misfeasance and nonfeasance in office by the Mayor and city council in connection with many collateral and unrelated matters and in connection with many collateral and unrelated matters and in connection with the employment of special counsel rather than using the services of the city attorney in procuring the passage of unconstitutional legislation and prosecuting frivolous lawsuits, some of which were against the directors of Improvement District No. 3. The appellants also alleged in these subsections that the Mayor was receiving salary in excess of constitutional limit, and they prayed personal judgments for reimbursement and for injunctive relief.

As a separate item in response to appellees' motion to

strike the above subsections of the cross-complaint, the appellant alleged conflicts of interest between the appellees and their special counsel and moved for a show cause order against the attorneys for violation of the canons of professional ethics.

The order appealed from in this case recites as follows:

"On this 23rd day of April, 1974, court being in session, there came on to be heard the defendants' demurrer, the plaintiffs' motion to strike defendants' demurrer, defendants' motion to dismiss request for admissions, plaintiffs' motion to strike portions of defendants' counterclaim cross-complaint, and defendants' motion to show cause why Canons of Professional Ethics are not being violated, plaintiffs appearing by and through their attorneys, Cathey, Brown, Goodwin and Hamilton, and defendants appearing by their attorneys, Rhine and Rhine. The court, having reviewed pleadings, the motions with exhibits attached thereto, having heard statements of counsel and being fully advised in the premises, does find and order that:

1. Defendants' demurrer should be and hereby is overruled and denied.

2. Subparagraphs c, d, e, f, g, h, i, j and k of paragraph VIII of the defendants' answer and counterclaim should be and they hereby are dismissed without prejudice to the rights of the defendants or any of them to file suit in a separate case concerning the allegations contained therein in a court of competent jurisdiction.

3. The defendants' motion to show cause why Canons of Professional Ethics are not being violated should be and it hereby is dismissed as not being within the competent jurisdiction of this court in this proceeding.

4. The defendants should be and they hereby are granted twenty days from this date within which to file further responsive pleading or further proceeding in this matter.

5. To the actions and orders of this court defendants do except and object, which exceptions and objections are hereby noted of record, and the defendants did note their intention to appeal the court's ruling to the Supreme Court of the State of Arkansas.

IT IS SO ORDERED."

Upon appeal to this court the appellants set out the points they rely on for reversal as follows:

"The lower court erred when it overruled appellants' demurrer to the complaint filed by the appellees which complaint prayed for a declaratory judgment and information in the nature of quo warranto and other relief in an attempt to enforce City of Paragould Ordinance 904, an ordinance to create a municipal water and sewer commission to take over the ownership, operation, and control of the water facilities of the City of Paragould now owned and controlled by Water Improvement District No. 3 of Paragould, Arkansas, with the authority to 'sell any property, real or personal, not necessary to be used in the operation of the facility within its supervision.'

(A)   The City Council of Paragould, Arkansas, had no legislative powers expressly conferred or fairly implied to pass Ordinance 904 and Ordinance 904 is a void ordinance.

(B)   Section VII of Ordinance 904 violates the Constitution of the State of Arkansas and the Fifth Amendment of the Constitution of the United States.

(C)   Ordinance 904 is in direct conflict with Special Act 487 of 1923 which is still in full force and effect.

The lower court erred when it dismissed the defendants' (appellants') 'cross-complaint' and referred to the 'cross-complaint' as a 'counterclaim.'

The lower court erred when it dismissed without hear-

ing defendants' motion 'to show cause why the canons of professional ethics are not being violated by the appellees' attorney.' "

We are unable to consider the points relied on by the appellants because this is an appeal from an interlocutory order and not from a final order or judgment disposing of the issues.

As early as 1915 in the case of *Davis* v. *Receivers St. L. & S. F. Rd. Co.*, 117 Ark. 393, 174 S.W. 1196, the defendant demurred to a complaint and the court sustained the demurrer. In the case at bar, as was recited in *Davis*, "no judgment was rendered dismissing the complaint of the plaintiffs and not even a judgment for cost was rendered." In *Davis* we held that when the trial court sustained the demurrer, the plaintiff had his election to amend his complaint, or, to rest on his complaint and permit final judgment to be rendered dismissing his complaint and then appeal. In so holding, we said:

"It is well settled in this State that no appeal lies where there is no final judgment. The order of the court sustaining the demurrer was not a final judgment but was interlocutory, merely."

See also the more recent case of *Spruill* v. *Hamilton*, 207 Ark. 468, 181 S.W. 2d 35, and cases cited therein.

The appellants simply argue the merits of the cause under their contention that the trial court erred when it overruled their demurrer to the complaint, and in their reply brief they argue that this court should sustain their demurrer and they state, in part, as follows:

"The appellees contend that the order of the lower court was not a final order and not appealable. * * * [I]n this case, the order entered by the lower Court did dismiss appellants' demurrer, and also dismissed the appellants' Cross-Complaint. Certainly this lower court order was final as to the Cross-Complaint, and to force these appellants into a trial without a final adjudication on

the 'Cross-Complaint Question,' and if after the alleged cause of action is heard in the lower court, then the question of the Dismissal of the Cross-Complaint is again submitted to this Court, and this Court finds that the Cross-Complaint should not have been dismissed, a great injustice would be forced on these appellants."

The appellants' argument in this connection has been answered contrary to their contention in at least three decisions of this court. In *Security Mtg. Co.* v. *Bell,* 175 Ark. 128, 298 S.W. 865, the appellee-defendant filed separate demurrers to Sections 2 and 3 in the first paragraph of Section 4 of the complaint. The trial court sustained the demurrer to Section 3 and the first paragraph of Section 4, but overruled it as to Section 2. The appellant refused to plead further and the complaint was dismissed as to Section 3 and the first paragraph of Section 4 from which order the plaintiff appealed. We held in that case that an objection and exception (at that time required) to the ruling of the court sustaining a demurrer to the third section and fourth paragraph of the complaint fully saved the point on review and adjudication of the whole action, and in that case we quoted from *Davie* v. *Davie,* 52 Ark. 224, at p. 227, 12 S.W. 558, and said:

> " 'The object of the limitation is to present the whole cause here for determination in a single appeal and thus prevent the unnecessary expense and delay of repeated appeals.'

> As the appeal must be dismissed for being prematurely taken, we refrain from passing upon the issues determined upon demurrer until the whole case is brought before us on appeal properly taken and prosecuted."

In *Renner* v. *Progressive Life Ins. Co.,* 191 Ark. 836, 88 S.W. 2d 57 (1935), the trial court entered an order sustaining a demurrer to part of a complaint and granting a motion to dismiss as to other portions of the complaint. In that case we said:

"The effect of the foregoing order was to dismiss

appellant's complaint in part only, and to retain a substantial part thereof for trial. In *Security Mortgage Company v. Bell,* 175 Ark. 128, 298 S.W. 865, reading from the second headnote, we stated the applicable rule as follows: 'An appeal from an order dismissing a cause as to certain paragraphs, but leaving the paragraph which presented a triable issue, *held* prematurely taken, since the issues should have been tried and objections to the demurrer urged on the final appeal from the whole action.'

Appellant's cause being dismissed in part only this appeal is prematurely prosecuted, and must be dismissed."

In the very recent case of *Ind. Ins. Consultants v. 1st State Bk.,* 253 Ark. 779, 489 S.W. 2d 757, the trial court granted a motion for summary judgment and in so doing dismissed an intervention. After notice of appeal was filed, the trial court corrected its order to show only a partial dismissal of the intervention pertaining to the $21,000 item in issue, and the appellant contended that the trial court lacked jurisdiction to correct its order after the filing of notice of appeal. We found no merit to the contention and in that case we said:

"We do not reach the merits of the other points argued by appellant for lack of a final order. In *Renner v. Progressive Life Insurance Co.,* 191 Ark. 836, 88 S.W. 2d 57 (1935) and *Security Mortgage Co. v. Bell,* 175 Ark. 128, 298 S.W. 865 (1927), we pointed out that an order dismissing a complaint in part and leaving a part which presented a triable issue was not an appealable order."

The appeal in this case is dismissed without prejudice.

FOGLEMAN, J., concurs in part and dissents in part.

JOHN A. FOGLEMAN, Justice, concurring in part, dissenting in part. For the most part, I would affirm the circuit court's order, but I do not entirely agree with the approach taken to the problem by the majority. I do agree that the overruling of appellants' demurrer is not properly before us

because no final judgment has been entered. I also agree that appellants' charges of violation of the "Canons of Professional Ethics" (I assume they are referring to the Code of Professional Responsibility) are not properly before us and that they were not properly before the trial court. See *Davis* v. *Merritt*, 252 Ark. 659, 480 S.W. 2d 924.

I further agree with the trial court and appellees that the portions of appellants' pleading stricken by the circuit judge were to be viewed as counterclaims, as well as cross-complaints. Appellants complain that the trial court erroneously treated their pleading as a counterclaim instead of a cross-complaint. I agree with the trial court, however, that, insofar as relief against the appellants is concerned, the pleading was properly viewed, at least in part, as an attempt to state counterclaims. Otherwise, the striking of the pleading as a cross-complaint would be clearly proper. A cross-complaint is allowed only against persons other than the plaintiff in an action when a defendant has a cause of action against a co-defendant or a person not a party to the action which affects the subject matter of the action. Ark. Stat. Ann. § 27-1134 (Repl. 1962). Any cause of action asserted by the defendants against the plaintiffs was a counter-claim. Ark. Stat. Ann. § 27-1123 (Repl. 1962); *Smiley* v. *Smiley*, 247 Ark. 933, 448 S.W. 2d 642. If a proper counterclaim was pleaded by appellants, then it was possible to bring in new parties (i.e. the city clerk and city treasurer) in addition to the appellees-defendants. Ark. Stat. Ann. § 27-1124 (Repl. 1962); *Flanigan* v. *O. R. Burden Construction Corp.*, 238 Ark. 43, 377 S.W. 2d 870.

Unlike my brethren of the majority, I consider that part of the trial court's order striking portions of appellants' "answer and cross-complaint" to be appealable and the propriety of the court's action a question properly before us. It is essential to a clear statement of my position that I review the record in the case in the light of the provisions of Ark. Stat. § 27-2101 (Supp. 1973) set out in the second paragraph. The pertinent portions of the statute are:

The Supreme Court shall have appellate jurisdiction over the final orders, judgments and determinations of

all inferior courts of the State, in the following cases and no other:

Second: In an order affecting a substantial right made in such action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action; and when such order grants or refuses a new trial, or when such order strikes out an answer, or any part of an answer, or any pleading in an action.

Where an order finally determines a distinct and severable branch of a cause, it has always been held to be appealable, even though the suit is not ended. *Davie* v. *Davie,* 52 Ark. 244, 12 S.W. 558. It has heretofore been recognized that a decree or order dismissing a cross-action (apparently either cross-complaint or counter-claim from a technical point of view) is appealable at least in some circumstances not involving the sustaining of a demurrer. *Fox* v. *Pinson,* 177 Ark. 381, 6 S.W. 2d 518; *Flanigan* v. *Drainage Dist. No. 17,* 176 Ark. 31, 2 S.W. 2d 70; *Purser* v. *Corpus Christi National Bank,* 256 Ark. 452, 508 S.W. 2d 549; *Reynolds* v. *Bakem Credit Union,* 255 Ark. 322, 500 S.W. 2d 549. We have also held that a judgment dismissing and striking an answer was final and appealable, even though final judgment awaited a jury verdict some eight months later, and that the question relating to the pleading being stricken could not be raised on appeal from the final judgment. *Dunklin* v. *Watkins,* 202 Ark. 602, 151 S.W. 2d 978. In a decision very pertinent to one of the issues here we considered a chancery court order permitting the Attorney General of Arkansas to appear and defend a suit by a taxpayer against the Commissioner of Revenues for the recovery of income tax paid under protest. We held that order to be appealable and reversed the trial court. *Parker* v. *Murry,* 221 Ark. 554, 254 S.W. 2d 468.

The order here, I submit, is one striking various counterclaims and parts of appellants' answer. By statute a counterclaim is necessarily a part of defendants' answer. Ark. Stat. Ann. § 27-1121 (Repl. 1962).

The City of Paragould instituted this action in which its

mayor and city council were plaintiffs. Additional plaintiffs were Jeffery Harris and C. P. Smith, who claim to be duly elected and qualified members of the Water and Sewer Commission of the City of Paragould pursuant to its ordinance 904. Horton and others, who had been elected directors and commissioners in charge of the water and sewer facilities in the city pursuant to an act of the Legislature which plaintiffs contended had been repealed, were made defendants. Appellants Gary McClure and H. P. Taylor were made defendants as property owners within the city limits of Paragould and property owners within the boundary lines of old Water Improvement District No. 3, and who, appellees alleged, had in the past undertaken to act in behalf of the property owners of said Water Improvement District No. 3 in determining legal matters. The allegations of the complaint, however, made them representative parties to the action as members of a class consisting of the property owners within the boundary lines of Water Improvement District No. 3, for the purpose of binding these property owners by the determination of the issues in the lawsuit. Appellees also alleged that the defendants had asserted that there is a special and pecuniary interest on the part of property owners in the original Water Improvement District No. 3, to the exclusion of participation of all electors of the city in the affairs of the water and sewer department. Basically appellees sought a declaratory judgment holding that the ownership, control and management of the water and sewer systems of the City of Paragould is currently and has been, since the adoption of Act 653 of the General Assembly of 1967, in the mayor and city council of the City of Paragould with the legal authority on the part of any of the defendants being limited to such powers as they may have given by ordinance or resolution validly adopted by the council of the city pursuant to law.

The defendants, appellants here, joined in a pleading against the named plaintiffs and against Laveta Smith, treasurer of the City of Paragould and Emma Jean Cole, city clerk. In this pleading appellants alleged that the legislative acts upon which the plaintiffs relied were unconstitutional and void in any application to the control, management, operation and ownership of the water facility property and the vested rights of the defendant Water Improvement

District No. 3 of Paragould. Appellants' "cross-complaint" was asserted by them as taxpayers against the mayor, city councilmen, treasurer and city clerk of the City of Paragould. In it they alleged:

A.   That the action taken by the city was in violation of a bond ordinance passed in 1963 in order to receive a federal grant to be used in sewer improvement work by extensions, betterments and improvements to alleviate hazards to life, health and safety of the inhabitants of the city and that this ordinance pledged and required that the operation of the system and the collection of revenues be continued under the control of the waterworks and sewer commission theretofore established and functioning;

B.   That acts relied upon by the city were unconstitutional, void and constituted a constructive fraud on the real property owners in Water Improvement District No. 3, in that they repealed an earlier act and thereby destroyed certain contractual and accrued rights of the property owners in Water Improvement District No. 3 and in the sewer facilities of the City of Paragould, and further more, that the passage of Ordinance 904 was a direct violation of these contractual and accrued rights, so that the city should be permanently enjoined from attempting to divest control of the water facility from the board of directors of Water Improvement District No. 3;

C.   That appellees should be permanently enjoined from prosecuting lawsuits such as this and required to refund to the city treasurer all attorneys' fees and expenses paid from the city treasury for prosecution of certain lawsuits;

D.   That the mayor and individual council members should be required to refund into the city treasury all attorney's fees, court cost and expenses paid from the city treasury in defending a suit brought by McClure and Taylor as property owners in

Paragould Water Improvement District No. 3 and in drafting an act to repeal the statutes upon which McClure and Taylor had relied;

E.  That personal judgment should be entered against appellees as individuals and in favor of the City of Paragould for all monies expended in processing lawsuits relative to the subject matter, including attorneys' fees paid to special counsel;

F.  That special counsel should not be allowed to proceed in the case because a member of the firm had accused a member or members of the city council of bribery in connection with a rezoning petition in which his firm was interested;

G.  That the employment of special counsel to prosecute this action was in violation of ordinance 924 of the city prescribing the duties of the city attorney of Paragould and that the mayor and councilmen should be required to refund city money paid to special counsel and to dismiss special counsel and that they should be enjoined from employing any special counsel to file suits of this nature interfering with the operation of the water facility of this city;

H.  That the mayor and city council of the City of Paragould should be enjoined from requiring the surplus funds of the Light Plant Commission be turned over to the city and that the city should be required to refund $35,000 and any other funds in the city treasury belonging to the Light Plant commission to that Commission;

I.  That, upon their cross-complaint McClure and Taylor, as representatives of taxpayers in the city as a class, should recover amounts paid to the mayor over and above the $5,000 constitutional salary limit;

J.  That the city treasurer and city clerk be enjoined

from issuing warrants for expenses for special attorneys' fees and expenses incident to this suit and for any money to be paid to the mayor over and above an annual salary of $5,000; and

K.    That the case be transferred to equity.

Appellees did not demur but moved to strike all those portions of the appellants' counterclaim and cross-complaint seeking relief by way of class action and all those portions of defendants' counterclaim and cross-complaint which seek an injunction to keep the plaintiffs from being represented by special counsel and all those portions relative to the Light Plant Commission of the city. Thereafter, the answer and cross-complaint were amended in particulars not material to the question now before us. The trial court dismissed all portions of appellees' counterclaim and cross-complaint except the portions relating to the contentions (A) that the action of the city was in violation of the bond ordinance for sewer improvements and (B) that certain acts upon which the plaintiffs relied and ordinance 904 of the city were void and unconstitutional as a violation of the contractual and accrued rights of property owners in Water Improvement District No. 3.

Thus we are not dealing with a demurrer to an answer but with a motion to strike. Furthermore, we must determine to what extent the pleading filed is a counterclaim and to what extent it was (as appellants contend it is) a cross-complaint. In this connection it should be remembered that a counterclaim *must* be asserted against the plaintiffs in the action. Appellants' claims stricken except for (G) and (J) above were efforts to obtain personal judgments against the persons named as plaintiffs in the action. These then were not counterclaims because they did not state causes of action against the plaintiffs (appellants). This is true because appellants sued, not as individuals, but in the official capacities alleged in the complaint, and not as private individuals. When a cross-complaint contains matter foreign to the subject matter put in issue in the complaint, new parties not having an interest affecting the original suit may not be brought in. *Home Insurance Co. v. Moro, Inc.,* 253 Ark. 304, 485

S.W. 2d 736; *Meyers Store Co.* v. *Armstrong,* 187 Ark. 636, 61 S.W. 2d 440; *Naler* v. *Ballew,* 81 Ark. 328, 99 S.W. 72; *Pindall* v. *Trevor & Colgate,* 30 Ark. 249.

Clearly the individuals, who, for the time being, represented the City of Paragould were "new parties", as were the officials (city clerk and city treasurer) named as cross-defendants by appellants in their pleading. It seems to me that it was not proper to bring these parties into the case; the pleading constituted a cross-complaint to this extent and was properly stricken as to items (C), (D), (E) and (I). The relief sought clearly does not affect the subject matter of the action and is not a claim against the plaintiffs.[1] Item (F) simply states no cause of action or claim for relief.

As to items (H) and (I), and that portion of item (J) directed toward the mayor's salary, we are governed by our holdings in *Tucker* v. *Pulaski Federal Savings & Loan Ass'n,* 252 Ark. 849, 481 S.W. 2d 725 that the counterclaim statute cannot be used as a vehicle for bringing a class action. It was also proper that the court dismiss the cross-complaint features of the pleading in the exercise of sound judicial discretion in that the issues would become so complicated and confusing that a judgment that would not prejudice rights of parties would be difficult to reach. *Flanagan* v. *O. R. Burden Construction Corp.,* 238 Ark. 43, 377 S.W. 2d 870.

As to item (G) and item (J), insofar as it related to special counsel's fees, I feel that the trial court erred. Insofar as appellants are concerned they were required to assert as many grounds of affirmative defense or counterclaim as they had. Ark. Stat. Ann. § 27-1121 (Repl. 1962). *Hughes* v. *Holden,* 229 Ark. 15, 316 S.W. 2d 710; *Shrieves* v. *Yarbrough,* 220 Ark. 256, 247 S.W. 2d 193; *Adams* v. *Henderson,* 197 Ark. 907, 125 S.W. 2d 472. Appellants had the right to challenge the authority of appellees' attorneys to represent them in the suit. *McKenzie* v. *Burris,* 255 Ark. 330, 500 S.W. 2d 357. See also, *Nunez* v. *O.K. Processors, Inc.,* 238 Ark. 429, 382 S.W. 2d 384.

It is probably immaterial to this question that McClure

---

[1]This part of the order may not be appealable. *Worth Insurance Company* v. *Patching,* 241 Ark. 620, 410 S.W. 2d 125.

and Taylor assert these claims, along with the other appellants, in a representative capacity; however, insofar as this phase of the case is concerned, they could properly assert a counterclaim for property owners in Water Improvement District No. 3. They did not make themselves the champion of that group. Appellees did. I submit that if the decree was to bind this class, its representatives were required to assert any ground of affirmative defense or counter-claim the class might have.

I would affirm the action of the trial court except as to that part of appellants' pleading relating to the employment of special counsel.