"Marion Walton", Petitioner, *v.* "Ernest Walton", Respondent.*

Domestic Relations Court of New York, Family Court, Richmond County, October 2, 1942.

*William C. Chanler, Corporation Counsel (Morton Rosenthal* of counsel), for petitioner.

*Henry Klauber* for respondent.

Sicher, J. On June 11, 1941, I entered an order directing respondent to pay the sum of ten dollars a week toward support of his wife and child "Joseph" (born March 21, 1940).

---

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details, in consonance with the spirit of N. Y. City Dom. Rel. Ct. Act, § 52; L. 1933, ch. 482.

That order adjudged respondent to be chargeable with the support of petitioner wife as well as the child according to respondent's means. It was accompanied by an opinion which stated that such amount was based on respondent's actual and potential earning capacity and all the other existing circumstances. And, altho predicated upon a means basis, that order was actually in a sum less than the low subsistence level of a public relief budget allowance, for it necessarily took into account the principle that " it is quite conceivable that an order may be made for the support of dependents which is not adequate because of the inability of the person chargeable to meet an adequate order. The ability of the respondent, as well as the need of a dependent, may govern the amount of the order." (*Domb* v. *Domb*, 176 Misc. 409–411.)

Respondent now moves for reduction of that minimal order, on the ground of material change of circumstances. But the only changes of circumstance alleged are (1) that his mother and stepfather have increased by fifty cents a week the two dollars contribution to the common household expenses which they started to exact shortly before the June 11, 1941, order, and, (2) that petitioner's earnings have increased beyond the "Occasional sums which petitioner has been able to pick up by caring for other children " mentioned in the June 11, 1941, opinion.

The first ground is patently negligible.

The second ground is likewise insufficient.

From a report procured from X Company (under N. Y. City Dom. Rel. Ct. Act, § 116; L. 1933, ch. 482) it appears that petitioner's earnings from that employer have averaged under ten dollars a week, for the period beginning July 10, 1942, and ending September 18, 1942 — an amount not substantially greater than her earnings before June 11, 1941.

Moreover, the primary duty of support of the child " Joseph " rests upon the father, regardless of the financial resources of the mother. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460, 464; cf. *Young* v. *Valentine*, 177 N. Y. 347; see *Johnston* v. *Johnston*, 177 Misc. 618.)

And even as to the wife herself — who also has been adjudged entitled to support according to respondent's means — her earnings are only one of the " circumstances of the respective parties " to which the court gives " due regard " under subdivision 1 of section 92 of the Domestic Relations Court Act. To a wife lacking all other income the husband may be required to contribute a larger amount than to one who is partly or even wholly self-supporting. But it does not follow that a wife's ability and

self-respect in pursuing gainful occupation necessarily deprive her entirely of the support contribution which would be accorded to her if too unenergetic or inefficient to be a wage-earner. Save in a case where the wife's misconduct has reduced the husband's support obligation to one of indemnifying the community against her maintenance as a public charge, he may not claim exemption solely because the wife has made herself economically useful and is improving her scale of living or laying by for a rainy day.

In addition, the child's needs increase as he grows older. (Cf. *Malamat* v. *Malamat*, 264 App. Div. 795.)

A still further ground for denying respondent's application is the fact that his salary of eighteen dollars a week is a more or less arbitrary figure for services performed in a family business (cf. *Anonymous* v. *Anonymous*, 22 N. Y. S. 2d 432); his plea that after deduction of the ten-dollar weekly order sum he has little left for himself rings hollow because of the fact just mentioned and the further fact that he receives, in addition, board and lodging, at a cost of only two dollars and fifty cents a week.

Finally, the sum of ten dollars a week for a wife and child is still less than the amount of the allowance to which petitioner and the child would become entitled under the Servicemen's Dependents Allowance Act of 1942 (U. S. Code, tit. 37, § 201 *et seq.*) if respondent were inducted into the United States Army or Navy.

For the foregoing reasons, respondent's application for a modification is hereby denied, and the June 11, 1941, order is hereby continued.

Notice shall be given to the parties pursuant to the subjoined direction.