" SABINA FULDE ", on Behalf of " IRMA STONE ", et al., Petitioner *v.* " HUMPHREY STONE ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, Queens County, October 24, 1949.

* Names used herein are fictitious for the purpose of publication.

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

*Maniello & Marlow* for petitioner.

*Charles Rothenberg* for respondent.

LORENCE, J.   The respondent has been paying $14 per week for the support of his two children, pursuant to a temporary order made by Justice O'BRIEN on January 4, 1946. At that time the children were eleven and nine years old, respectively.

On November 19, 1948, the petitioner made application for modification of the temporary order aforesaid, by increasing the amount paid, and for a permanent order. On the hearing of this application, before Justice McCLANCY, he denied respondent's motion to dismiss the proceeding for lack of jurisdiction, because of an outstanding separation agreement between the parents, and directed a hearing on the merits to proceed in due course. Justice McCLANCY's memorandum is as follows: " Motion by respondent to dismiss petition herein, on the grounds that this Court has no jurisdiction, because of the fact that the parties entered into a separation agreement, on January 30, 1943, prior to the commencement of this action, is denied.  See *Kunker* v. *Kunker,* 230 A. D. 641."

After several adjournments the hearing came on before me. The undisputed facts relevant to this proceeding are as follows:

On December 18, 1933, the petitioner and respondent were married at Brooklyn, New York.

On January 30, 1943, those parties entered into a valid separation agreement, providing among other things:

A.  A waiver by the husband of all his rights in and to all common funds and property.

B.  A reciprocal waiver by the wife of all claims to support and maintenance.

C.  The wife's agreement, to deposit out of her own funds the sum of $25,000 with the Manufacturers Trust Company, in trust for the two children, from which payments of $30 per week for each child were provided, to be made out of principal and interest for the support and education of the said children.

D.  The husband agreed to pay $5 per week towards the support of each child.

On April 23, 1947, the petitioner did establish the trust aforesaid and, by its terms, the trustee has been paying $130 per month for the support and education of each child.

The respondent has been paying $14 per week towards the support of the children, pursuant to the temporary order of Justice O'Brien, as above referred to.

The respondent is a lawyer, employed in the office of the Federal Housing Expediter, and he receives a salary of $100 per week.

The respondent concedes, as well he might for that is the law, that the mere existence of the separation agreement does not bar an allowance for support in this court, upon a proper showing of necessity and means. But he contends that the income received by the children, from the trust fund created by their mother (the petitioner), is specially earmarked for their support, maintenance, and education, and must be considered by this court in making any allowance to the children. On this basis he contends each child is receiving $130 per month from the trust, and $7 per week under the temporary order, making a total for each child of some $40, which he says is ample.

Unfortunately for the respondent, however, neither the legal principles expressed by text writers, nor judicial decisions on this subject, bear out his contention.

" Primarily the duty to support, maintain, and educate the children rests upon the father, and he cannot relieve himself of such obligation by contract with his wife or others, or by divesting himself of all his property. Nor can the right of the child to the father's support be affected by any kind of estoppel against the mother." (46 C. J., Parent and Child, § 35, pp. 1258–1259.)

Our own Court of Appeals (*Young* v. *Valentine*, 177 N. Y. 347, 352) has said: " There is no doubt that in this state, as between husband and wife, the primary obligation to provide for the support of his wife and their children rests upon the husband, and that the wife is not bound to maintain her husband and children even though she may have a separate estate." (To the same effect are the following cases: *De Brauwere* v. *De Brauwere*, 203 N. Y. 460, and " *Johnston* " v. " *Johnston* ", 177 Misc. 618.)

The quantum of such obligation is the present needs of the children measured and related to the father's existing financial ability and economic situation. (*Mallina* v. *Mallina*, 167 Misc. 343.)

The mother's resources, or any arrangement she may have made for the children's support, cannot relieve the husband of his primary obligation to support the children. (" *Walton* " v. " *Walton* ", 180 Misc. 746.)

" A father who is able to do so is bound to maintain and educate his children at his own expense, although the children may have property of their own sufficient for the purpose." (46 C. J., Parent and Child, § 38, p. 1261; *Goodman* v. *Alexander,* 165 N. Y., 289, 292.)

" The father cannot be allowed to use the property of the child for its support and education, unless this is absolutely necessary. So, where the father has adequate means, he cannot charge the child's estate for its support and education, and no allowance will be made to him by the court therefor, save under exceptional circumstances." (46 C. J., Parent and Child, § 64, p. 1275.)

On this point, our Court of Appeals in *Beardsley* v. *Hotchkiss* (96 N. Y., 201, 220) basing its conclusion on examination of text writers and case laws, said: " When the father is of sufficient ability to support his minor children, the circumstances would have to be very peculiar which would authorize or require the court to make the allowance."

A father is primarily liable for the support of his infant children, and the personal estate of the infants should not be utilized or invaded for their support unless the father cannot adequately provide for them. (*Matter of Davis,* 184 N. Y. 299, 303; *Matter of McNamara,* 138 Misc. 526; *Matter of Lapides,* 144 Misc. 19.)

From the above statement of legal principles and decisions, we conclude:

1. The trust fund of $25,000, created by the petitioner (mother of the infants), for the support and education of the children, by its terms, is an irrevocable allocation to them of such moneys for the purposes of the trust (see paragraph FIFTEENTH of the Trust Indenture) and the children are entitled to the same, free of any claims thereon by their father.

2. The father may not insist that any part of said trust fund be used to relieve him of his primary duty to support his children, if his own means are adequate to do so.

3. There is no merit in respondent's claim that, by the separation agreement, he surrendered any claim or interest in common property of the parties and that this is a special circumstance which takes the instant case out of the operation of the general rule. A transfer of property by a husband to his wife would still not relieve him of his duty to support his children, if he were shown to have adequate means or ability to do so.

4. There may be proper cases where, in the interests of the child, the income of a trust, however created, may be applied by the court for its support, education, and general welfare, despite the father's ability to do so in accordance with his own means, as where special or extraordinary expenditures in excess of the father's means are required, but no such facts are presented here.

And this brings us to the final question of the quantum of the support required of the respondent, based on his means and economic circumstances.

He is, at present, earning $100 per week, out of which he has been paying $14 per week towards the support of both children, under the temporary order made in 1946, when the children were eleven and nine years old, respectively. Now, three years later, these children are fourteen and twelve years old, respectively. Their needs and necessities have increased. There has also been a decided increase in the cost of living. Against these combined factors the sum of $7 now being paid for each child is woefully insufficient. I find and decide that the sum of $25 per week is a fair and reasonable amount necessary for the support and maintenance of both children; that the respondent has adequate means and earning power to pay said sum, and I direct the entry of an order in accordance with this opinion, pursuant to the rules and practice of this court. First payment November 4, 1949.

This order is not to be " permanent ", as requested by petitioner, but, to continue until modified by the court. There can be no such thing as a " permanent " support order in the Domestic Relations Court, Family Division. Its order is always subject to modification, on proof of changed circumstances, requiring an adjustment of an existing support order.