In a proceeding in the Domestic Relations Court of the City of New York, Family Court Division, County of Queens, it appears on stipulated facts that the father of two children caused the erection of a trust to insure payment of $130 per month for the support of the children; that the agreement to erect the trust was upon a consideration given by the father, and that the father, by appropriate proceeding, enforced the agreement and compelled the erection of the trust; that the children have received the specified benefits of the trust and, in addition, $10 per week from the father, as further provided in the agreement. The father earns $100 per week, and has been *1124 ordered to pay $25 per week for the support, maintenance and education of the children. Order of the Domestic Relations Court of the City of New York, Family Court Division, County of Queens, reversed on the law, without costs, and the petition dismissed. The facts as stipulated are affirmed. The order has been made in disregard of the trust provisions for the children, resulting from a separation agreement; and thus is contrary to subdivision (1) of section 92 of the New York City Domestic Relations Court Act, which requires that the order of support be made “ as justice requires having due regard to the circumstances of the respective parties.” The only stipulation as to the circumstances of the children is that they are “ a little older now ” and “the cost of living has risen * * *.” It is stipulated that the property which forms the corpus of the trust was deposited with the trustee by the mother but was originally the property of the father, although the trial court held that it was the property of the mother at the time of the erection of the trust and that it is immaterial that it originally belonged to the father. It is immaterial who owned the property originally. The trust was erected as- the result of a consideration given by the father; and it must be held to have been erected in conformity with his primary duty to support the children and not in disregard of it. The cited cases are not to the contrary. Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur. [S. e. 196 Misc. 732.] [See 278 App. Div. 571.]