Wilfred A. Waltemade, J.
Both the petitioner and the respondent join in seeking an order of discontinuance after both parties in person and their respective attorneys stipulated and agreed to discontinue the proceedings before the court on the grounds that ‘ ‘ the parties having made satisfactory disposition among themselves as to the matters now before the Court ”, while the respondent by his attorney, additionally, seeks a further order vacating an existing order on the treasurer of the City of New York, pursuant to which the sum of $18 is being deducted from the respondent’s semimonthly salary of $110.57 as a civil employee.
The record of the proceedings had in The Bronx Family Court Division of this court reveals that the initial hearing on the petitioner’s claim for support for herself and that of the child born to the parties, was held on April 5,1955. The parties were living apart and the child resided with his mother. An order was duly made against the respondent for the support only of the child (no order for support of the petitioner mother was made) in the amount of $18, payable semimonthly and based on the respondent father’s semimonthly earnings of $102. Respondent was permitted visitation with the child at stated times. The court further ordered a psychiatric examination of both parties.
Subsequently, after a hearing on the petitioner mother’s complaint that respondent was in arrears in his payments, the original order was modified to the extent that the respondent was required to pay the accrued arrears at the rate of an additional payment of $2 semimonthly. At a later date, upon a further complaint by the petitioner that respondent was not making prompt payments, a further order was made by the court, pursuant to subdivision 2 of section 132 of the Domestic Relations Court Act, which order directed the treasurer of the City of New York to deduct the sum of $18 from the respondent’s semimonthly salary of $110.57 and remit said deducted amount to this court for disbursement to the petitioner for the support and maintenance of the child only. All arrears to date were thereupon cancelled.
The stipulation of discontinuance signed by the parties and their attorneys was received in the mail by the probation department of this court with a covering letter from the attorneys for the respondent father. Upon submission of the papers to the court for its action, the court examined the files and records of *966 the case and in view of the psychological and psychiatric reports on the parties, directed the parties and the attorneys to appear before the court with a view to safeguarding the interests of the child by inquiring into the statement contained in the stipulation that “ the parties having made satisfactory disposition among themselves as to the matters now before the Court.” (Italics supplied.) The testimony of the parties then revealed that in August of 1956, the parties had entered into a separation agreement which, among other things, provided “ that absolute and sole care and custody of the said infant issue of the marriage ’ ’ shall henceforth be with the mother; that the father did l( waive and relinquish for all time, his right to visit the said child ’ ’; and said agreement further provided that the mother did “ renounce and relinquish any right to support for the said infant issue of the marriage for so long as the waiver of the aforementioned right of visitation shall continue but there shall be no reinstitution of visitation rights without the prior consent of the (mother), the termination of the waiver not being in the discretion of the (father) it being clearly understood that in the event that the (father) is required to support the infant issue of the marriage, then he shall likewise have the right to visit the child ”; that the terms of the agreement would merge and be made part of any decree of divorce which either party might obtain.
Further testimony revealed that the respondent did institute divorce proceedings in Alabama wherein petitioner appeared by an attorney and put in an answer and respondent then obtained a decree of divorce in the Circuit Court of Bussell County, Alabama, on September 11, 1956. The only provision in said decree concerning the child is contained in paragraph numbered 4, wherein the mother was “ awarded the care, custody and control of said minor child ”. The decree is silent as to any support for said child.
After the court learned of the separation agreement and the decree of divorce, and during the pendency of this matter, the court ordered a home visit made by the probation officer having cognizance of this case to ascertain the circumstances and conditions under which the child was being reared by Ms mother, the petitioner herein. Testimony of said visit disclosed that the child was living with his mother, paternal grandmother, and a young maternal aunt in a three-room, cold-water flat in a 50-year-old building in a shopping district. The gas and- electricity had been turned off because of nonpayment of the charges. It was revealed that the child’s mother had no job or income but she did assist her own mother who was employed as superin *967 tendent of the building in which they resided. The ehild-’s maternal grandmother was also engaged in practical nursing work at one of the local hospitals. The child’s maternal aunt, 16 years of age, neither attended school nor did she work. The apartment contained no bathtub or shower and the child is bathed in the kitchen sink.
The court comments first on the applicability of rule XXXI of the Rules of Practice of the Family Court Division of this court which is entitled, “ Dismissal of Petitions ”, Paragraph (3) of subdivision (a) of said rule reads as follows: (a) “ A petition may be dismissed if: (3) The parties or attorneys of record consent in open Court or by written stipulation ’ ’.
It surely was never contemplated by the learned Justices of this court who adopted the Rules of Practice for the Family Court Division in 1946, as revised in 1949, that the cited rule would be applicable to a proceeding wherein an order had been made solely for the support a child, and where it is so apparent that the stipulation to discontinue which is now under consideration, is predicated on a separation agreement between unwise parents who in effect are contracting away the birthright of their own child. It is every child’s birthright, to be sustained and supported according to the means and station in life of its father. (See Fulde v. Stone, 196 Misc. 732; N. Y. City Dom. Rel. Ct. Act, § 92; Moses v. Moses, 193 Misc. 890; Sirianni v. Sirianni, 127 N. Y. S. 2d 387.) This fundamental principle has been protected and perpetuated in all of our courts over the years and this principle appears to have been extended even to illegitimate children by the Court of Appeals in Schaschlo v. Taishoff (1 A D 2d 543, revd. 2 N Y 2d 408).
The court should refuse to permit the discontinuance of a proceeding for the support of a child when the record amply demonstrates that the child is being denied the enjoyment of a natural right.
Once the court has made a final order for the support of a child, as in the instant case, the court has an inherent right and obligation to inquire into the circumstances, the considerations and the provisions of agreements made by parents or custodians of children upon which they rely to divest the court of jurisdiction. Furthermore, since the children are never parties to these agreements, the court has a corresponding duty to make certain that the child’s rights to adequate and suffieent support from its father for food, shelter, clothing, care, medical attention, and expenses of education are safeguarded and assured before relinquishing jurisdiction by dismissing petitions on stipulations of discontinuance. In the case at bar no such *968 safeguards have been shown and to the contrary, it is apparent that this very agreement upon which the stipulation of discontinuance is based is void on its face as offensive to the public conscience. This court makes no ruling as to the validity of the Alabama decree because such question is not pertinent to the issue at hand. Suffice it to say, however, as an indication of either the reckless disregard of the rights of the child by the parties, or theii limitations in planning for their son, the divorce decree is silent as to any support for the child although both parties appeared by attorneys.
The report of the home visit made by the probation officer clearly demonstrates that the child is living in squalor and deprivation. There is also in the record testimony by the petitioner mother that she does not now want support from the respondent father because then the father would be entitled to visitation of the child. The same misconception that support and visitation are interdependent is recited also in the unusual wording of the separation agreement quoted hereinabove. The obligation of a father to support a child according to the means of the father is a basic and fundamental right belonging to a child which cannot be abrogated or interfered with or denied, whereas the visitation of a child by its parent is a permissive privilege which can be curtailed, restricted, regulated, controlled and even denied, in the proper case, where under the circumstances, a continuance of the visitation might be detrimental to the health and well being of the child. (Moses v. Moses, 193 Misc. 890, supra.)
The application for an order discontinuing the proceedings is denied.
The order of support for the child and the order on the city treasurer are both continued. One half of the moneys now on hand in the support bureau of the court are to be disbursed to the petitioner for use of the child and the balance of the moneys on hand in the support bureau are to be retained as well as all moneys, which are received henceforth in payment of the order until the further order of the court.
On the basis of the entire record, the probation department is directed to respectfully request the Society for the Prevention of Cruelty to Children in Bronx County to cause an investigation to be made of the circumstances and conditions under which the child is being reared to ascertain if there are sufficient grounds for filing a petition in the Children’s Court Division in Bronx County, charging either or both parents with neglect as set forth in the applicable sections of law.