## Nunez v. O. K. Processors.

5-3328

382 S. W. 2d 384

Opinion delivered October 5, 1964.

*A. A. McCormick,* for appellant.

*Bethell & Pearce* and *Donald P. Callaway,* for appellee.

GEORGE ROSE SMITH, J. The appellee, O. K. Processors, Inc., brought suit against the appellant, Art Nunez, in the state of Nevada. Nunez won the case and was awarded a judgment for costs of $15.85 and for an attorney's fee of $400.

Nunez and his Nevada lawyer, John F. Mendoza, then filed the present petition, verified by their local attorney, to register the Nevada judgment in the Sebastian circuit court under the Uniform Enforcement of Foreign Judgments Act. Ark. Stat. Ann., Title 29, Ch. 8 (Repl. 1962). Upon filing their petition they obtained a writ of execution against O. K., the judgment debtor. The trial court sustained a demurrer to the petition, directed that any future petition be verified by Nunez himself, and quashed the writ of execution. Pursuant to our suggestion in a preliminary opinion, *Nunez v. O. K. Processors,* 238 Ark. 346, 381 S. W. 2d 754, the parties corrected a deficiency in the record by obtaining a final judgment in the court below. We now consider the appeal under its merits.

The petition to register the Nevada judgment was awkwardly drafted, in that both the caption and the body of the petition followed the style of the Nevada case by referring to O. K. as the plaintiff and to Nunez as the defendant. It was, however, signed and verified by A. A. McCormick as attorney for the petitioners, Nunez and Mendoza. This ostensible reversal of roles was the basis of O. K.'s demurrer, which asserted that the failure to identify the petitioners created a defect of parties.

The demurrer should have been overruled. On demurrer doubts must be resolved in favor of the sufficiency of the petition. This petition asked that the Nevada judgment be registered under the Uniform Act, *supra.* An authenticated copy of the Nevada judgment was attached as an exhibit to the petition. There can-

not be the slightest doubt that Nunez and Mendoza are seeking to enforce the Nevada judgment. It is absurd to suppose that O. K. was misled into thinking that it was really the plaintiff in the Arkansas proceeding. This petition was good against demurrer.

In insisting that Nunez should have verified the petition in person the appellee relies upon Ark. Stat. Ann. § 27-1108 (Repl. 1962). This statute permits a party to object to verification by the opposing attorney when the moving party does not believe that the attorney can truthfully verify the pleading and that the matters alleged are within the personal knowledge of the adverse litigant himself. The basic premise for the appellee's motion to verify—that the facts were within Nunez's personal knowledge—is wanting. The petition asserts only one essential fact, that a judgment was rendered in Nevada. (A second allegation, that nothing had been paid upon the judgment, was confirmed by the clerk of the Nevada court, as the Uniform Act contemplates. § 29-803.) An authenticated copy of the judgment was attached to the petition. Thus McCormick knew just as much about the cause of action as Nunez did, if not more. Personal verification by Nunez would have added nothing to the credibility of the petition.

In fact, O. K. admitted in its motion and in its trial brief that its real reason for seeking Nunez's verification lay in O. K.'s doubts about whether McCormick was really authorized to represent Nunez in this proceeding. A lawyer's authority to represent his client in litigation is presumed and can be put in issue by the adverse party only upon a showing of *facts* tending to indicate a want of authority. *Pekin Stave & Mfg. Co.* v. *Ramey*, 104 Ark. 1, 147 S. W. 83. No such facts are asserted here. Hence the allegations essential to a direct attack upon McCormick's authority are absent. The motion to verify cannot serve as a tactical means of attaining the same end by indirection.

The writ of execution was properly issued when the petition to register the Nevada judgment was filed in the

court below. A salient purpose of the Uniform Act is to permit the judgment creditor to obtain that relief more promptly than he used to be able to. Ark. Stat. Ann. § 29-806; Commissioners' Note to § 6 of the Uniform Act; Leflar, The New Uniform Foreign Judgments Act, 3 Ark. L. Rev. 402, 415. When the petition is reinstated in the trial court the writ should also be reinstated.

Reversed.