Guy James Mangano, J.
Petitioner initiates this proceeding pursuant to article 4 of the Family Court Act seeking support for Joseph Paul, seven-year-old child of the parties.
A brief summary of the salient facts is as follows: The parties were married in New York City on May 8, 1959 and made their marital domicile in Montreal, Canada, until May 1, 1961, when petitioner returned to New York City with the child.
In January, 1965, respondent instituted a separation action in the Superior Court of Quebec, Canada, on the ground of the wife’s abandonment. On February 26,1965, the parties entered into a custody agreement which contained various provisions dealing with custody and related questions but omitting any agreement with respect to support. Subsequently, petitioner commenced an action for divorce in the Parliament of Canada (there being no provision for divorce under the law of Quebec) alleging adultery on behalf of the respondent. In the meantime, on May 4,1965, the Quebec Superior Court granted the husband a decree of separation; no mention was made for support; the court incorporated the afore-mentioned custody agreement into the order and decreed: ‘ ‘ That the community of property existing between the parties shall be dissolved from the present date with all of the consequence thereof according to law ”. Pursuant to this order on June 30,1965, the parties entered into a written agreement whereby the total assets of the community property was valued at $158,526 subject to liabilities in the sum of $9,335, leaving a net value of $149,191. Petitioner was given $62,850 in cash and securities as her share of the community. In July, 1965, by agreement, $35,000 of the wife’s share was to be put into a trust for the support of the child.
The pertinent provisions of the trust provided:
“ That the Trustees hereunder and any replacements thereof under the provisions of Article 7 of this Agreement shall hold and administer the trust funds, in trust, for the following purposes:
“ (a) to pay semi-annually the entire revenue therefrom to Mrs. Paul for the upbringing, maintenance and education of the said minor child, Joseph Paul;
“ (b) to pay such portions of the capital of the trust funds, as they in their sole discretion deem necessary, to Mrs. Paul for the purposes set out in (a) abové in the event that the revenue from the trust funds is insufficient for such purposes *881 or for sickness, accident, emergency or education (including higher education) expenses, or for the said Joseph Paul’s benefit generally;
“ (c) to pay the capital of the trust funds or any balance remaining thereof to the said Joseph Paul in one or more payments, as they in their discretion deem proper after he has attained the age of twenty-one (21) years and not later than when he has attained the age of thirty (30) years.”
At the trial the petitioner established that the income realized from the trust was $1,500 per year; that she presently needs $8,500 annually to support, maintain and educate the infant son of the marriage. Petitioner also contends that the trust arrangement is a device by which the husband seeks to evade his primary obligation to support his child.
Respondent argues that the trust created by the parties for the support of the child is presently adequate for that purpose and that the trust funds must first be resorted to before he may be required to make additional provisions for his son’s support; that he does not seek to evade his responsibility; on the contrary, he has for the present amply provided for his child’s support. Respondent places great stress on the case of Unger v. Schiff (277 App. Div. 1123). In that case the parties entered into a separation agreement whereby the wife agreed “ to deposit out of her own funds the sum of $25,000 with the Manufacturers Trust Company, in trust for the two children, from which payments of $30 per week for each child were provided to be made out of the principal and interest for the support and education of said children.” In addition thereto, the husband agreed to pay $5 per week for each child. The trust realized the sum of $130 monthly for the support of the children. The court below (“ Fulde” v. “Stone”, 196 Misc. 732), found that $5 per week was inadequate and increased the husband’s payments to $25 per week for both children. The court there held that the trust fund was an irrevocable allocation of funds for the children’s support and they are entitled to the same free of any claim by their father. The court also noted that the father may not insist that any part of said trust fund be used to relieve him of his primary duty to support his children, if his own means are adequate to do so.
On appeal, the Appellate Division (277 App. Div. 1123) reversed on the law and dismissed the petition, the court holding that the order was made in disregard of the trust provisions agreed to by the parties; in addition thereto the court held that it is immaterial who owned the trust property originally; that *882 the trust was deemed to have been created in conformity with the husband’s duty to support and not in disregard of it.
I am of the opinion that the Unger case (supra) supports respondent’s position and is controlling therein. The facts in the cited case (supra) are strikingly similar to the facts herein and accordingly dispositive on the issue here presented.
For statements of similar import, though not on all fours with the facts above cited, see Matter of Clark (280 N. Y. 155) and Rezzemini v. Brooks (236 N. Y. 184). The sum and substance of the agreement of the parties herein is consistent with the husband’s duty of support and not in derogation of that duty, nor can it be said that the agreement violates the public policy of our State, nor is it repugnant to the laws of Quebec the site of the agreement in question. Moreover, petitioner is not without remedy herein; she may invade the corpus of the trust herein provided, to satisfy the needs of the child concerning support, education and maintenance of the child, as agreed. Accordingly, the petition is dismissed.