Saul Moskoff, J.
The somewhat troublesome question of law posed by the issues in this case is whether or not this court may or should consider a respondent’s application to modify downward the amount of support awarded for a wife and children in a foreign decree into which there is incorporated by .reference but not merged therein a separation agreement.
It is now clearly established that insofar as a wife only is concerned, such a decree may be subject to an upward modification on the wife’s application in the limited circumstance where the wife is ‘ ‘ actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge.” (McMains v. McMains, 15 N Y 2d 283, 285.) The court (Desmond, Ch. J.) there emphasized that it was not altering the contractual obligations of the parties nor changing the terms of the agreement but rather was modifying the terms of the decree and enforcing the provisions of statutory law relating to the obligations of a husband to support a wife.
The inclination of this court, absent consideration of other cases in this area, would be to leave the parties where it finds them when the present circumstances indicate that the husband is now unable to pay the sums he had previously agreed upon and which the divorce decree requires him to pay. Similarly, in a situation where a wife sought enforcement of a divorce decree with a nonmerged agreement, the court would not order enforcement where the facts plainly indicate that such an order would ultimately result in a default with the possible consequences of a Workhouse commitment. Indeed, in Matter of Cardona v. Perez (28 A D 2d 673) it was held that an order of commitment would not be sustained where only nonpayment is *119 established and willful default is not shown. The denial of enforcement to the wife by this court would not, however, eliminate or diminish respondent’s obligations on the contract and the petitioner would be free to pursue her remedy in a plenary action in the Civil or Supreme Court.
Were a husband to seek affirmative relief by way of downward modification because of substantially changed circumstances, it might be argued that he too should be left to his agreement, since the wife, as argued in the preceding paragraph, could obtain no affirmative relief against him in this court.
However, a reading of Goldman v. Goldman (282 N. Y. 296) in conjunction with the McMains holding (supra) impels the court to the conclusion that the foregoing rationale is not valid and that this court can and should consider the husband’s application on the merits.
In Goldman, the decree incorporated by reference but did not merge a separation agreement requiring the husband and father to pay $21,000 for the support of wife and children. The judgment of the lower court modified the decree, notwithstanding the agreement to pay $21,000, to the sum of $14,000. The plaintiff-appellant argued that the terms of the separation agreement could not be modified without the consent of the parties.
The Court of Appeals (Lehman, Ch. J.) pointed out (p. 299) that ‘ ‘ Though the marriage relation is created by agreement or contract of the parties, the State, and not the parties, determines the scope of the obligations arising from the marriage relationship.” The right of the parties to settle their differences by agreement, said the court, is unassailable. But the Legislature enacted drastic statutory provisions for enforcement of matrimonial decrees and the parties could not by their agreement, frustrate the effect and intent of such legislation. At pages 302-303, the court said: “ True, no public policy of the State prevents the parties from foreclosing by agreement a controversy between themselves as to what constitutes the amount which the husband should pay and the court will ordinarily direct the husband to pay the amount which the parties agree constitutes suitable provision for the support of a wife; but a direction so made is no more inviolate from future change by the court than a direction made by the court after a controversy between the parties as to the amount which the wife should receive has been determined by the court. ’ ’
It was thus held that the rights of the wife to enforce her agreement were not impaired by the court’s power to modify the judgment.
*120 On such authority, the court is constrained to consider the merits of respondent’s application for a downward modification, without prejudice, notwithstanding such reduction, to the right of the petitioner to pursue the full enforcement of the contractual obligation in another forum.
On July 10,1967 an order was made by Judge Maraño of this court enforcing the divorce decree in the sum of $80 weekly based on respondent’s then income of $187 weekly net. At the time of that hearing, respondent had remarried and his second wife was earning $100 weekly.
Respondent claims a change in circumstances in that he is unable to now perform the same duties performed by him on July 10, 1967 because of injuries sustained in an accident. He now is employed in a different capacity, earning $116 weekly net out of which he says he expends $12 weekly for nonreimbursed ear expenses. He now has a child of the second marriage and his present wife has not been employed for nearly a year.
Petitioner’s expenses have not lessened. Indeed, if anything, they have risen to a small degree because of the passage of time and the greater needs of the children. Petitioner and the children receive supplemental public assistance in the sum of $27.55 semi-monthly, based on respondent’s payments of $40 weekly.
The court has deep sympathy for the plight in which the wife and children now find themselves and can find but little room for sympathy for the respondent who similarly finds himself in financial straits. This situation is in part of respondent’s own making in undertaking further financial obligations despite prior existing obligations to petitioner and the children of his first marriage.
Nevertheless, the court will not make or sanction an order that can only result in respondent’s commitment to the Workhouse with the consequent damaging effects to two families. Under all of the circumstances, the order will be modified to $52.50 per week commencing the next due date, subject to the reservation of petitioner’s rights as hereinabove indicated.
Visitation is to be in accordance with the provisions of the separation agreement, except that respondent shall not enter petitioner’s residence but shall receive children at the door thereto at the times fixed and return them promptly at the times stated in the agreement.
Counsel fee is fixed in the sum of $250 payable in two equal monthly installments beginning December 1, 1968.