Argued June 4, affirmed July 29, 1970

HEHR, *Respondent*, *v.* TUCKER, *Appellant.*

472 P2d 797

*David J. Buono*, Portland, argued the cause for appellant. With him on the briefs were Buss, Leichner, Lindstedt & Barker, and Norman L. Lindstedt, Portland.

*William F. Schulte*, Portland, argued the cause for respondent. On the brief were VanNatta & Petersen, St. Helens.

Before O'CONNELL, Chief Justice, McALLISTER, SLOAN, DENECKE, HOLMAN, TONGUE*, and HOWELL, Justices.

HOWELL, J.

The defendant appeals from a circuit court judgment sustaining the registration of a foreign divorce decree. The registration of the divorce decree was made pursuant to ORS ch 24, known as the Uniform Enforcement of Foreign Judgments Act.

The petition for registration, filed by the plaintiff, the defendant's former wife, alleged that an interlocutory decree of divorce was granted plaintiff by the Superior Court for Yuba County, California, on December 8, 1959. The decree awarded custody of two minor children to the plaintiff, subject to reasonable visitation by the defendant, and required the defendant to pay $100 per month child support. A final decree was entered on February 8, 1961.

Plaintiff's motion for registration of the Cali-

---

* Tongue, J., did not participate in the decision of this case.

fornia decree filed on January 24, 1969, recited that the child support payments were delinquent and requested registration of the decree "so that plaintiff may have a levy of execution issued as is provided in ORS 24.060."

The circuit court's order registering the decree was also entered on January 24, 1969, and at the same time an execution and garnishment was served upon defendant's employer and his bank. Subsequently, a default order and judgment was entered against the defendant. However, on motion of the defendant the default order and judgment was set aside and the defendant filed an answer and later an amended answer. The amended answer alleged that the portion of the California decree requiring child support from defendant was void because of fraud and misrepresentation by plaintiff. Paragraph III of the amended answer alleged:

"That prior to the entry of the apparent decree sought to be registered herein the plaintiff Betty Tucker Hehr, and her paramour, Elmer Hehr, did enter into a property settlement and support agreement with the defendant and did represent to the defendant herein that no support would be sought from the defendant for the minor children of the parties and no judgment for such support would be taken or enforced, in consideration of the defendant's refraining from retaining counsel to defend, refraining from entering an appearance in and defending, or having an adversary trial on the issues in said proceeding, and in agreeing to the aforementioned property and support agreement and granting to the plaintiff the custody of the minor children and, in addition, as to the aforementioned Elmer Hehr, in consideration of waiving any rights or claims against the said Elmer Hehr for lost service, consortium, and companionship."

A second affirmative answer alleged that since the California decree the plaintiff had reiterated to defendant she did not desire support for the children, and that defendant was not "aware" of the "terms" of the decree. A third affirmative answer alleged that one of the children was emancipated and that the other had resided with defendant since March 15, 1969, and at various other times. The answer also contained a counterclaim alleging that plaintiff should be estopped from enforcing the judgment because of the alleged fraud.

The plaintiff filed motions to strike portions of the amended answer and a motion for judgment on the pleadings and records. The trial court decided the issues based on the motion for judgment on the pleadings and entered a judgment against the defendant but allowed credit to the defendant for those periods that one minor child was living with defendant and further credit because of the emancipation of the other child. The judgment also required the plaintiff's counsel to disburse the proceeds from the execution in partial satisfaction of the judgment.

The defendant presents four assignments of error. The basis for the first three is substantially the same—that the California decree should not have been registered and judgment entered because the provisions in the decree requiring the defendant to pay child support were procured by misrepresentation and fraud, and the decree was therefore void and subject to collateral attack.

■ The defendant's argument misses the point. Regardless of any negotiations or representations, fraudulent or otherwise, that might have been carried on between the parties regarding child support prior

to the decree in California, the decree of the court providing for child support was perfectly valid. While various courts have held that agreements between parties to forego child support are void as against public policy,[1] it is not necessary to decide in this case whether such an agreement was void in California because the agreement was not binding on the California court. In *Beaulac v. Beaulac*, 84 Cal App 2d 649, 191 P2d 478 (Dist Ct App 1948), the court stated:

> "The amount which may be awarded for the support of children is within the reasonable discretion of the trial court. [Citations omitted.] In exercise of that discretion, *the court is not controlled by the pleadings of the parties or their written agreements* and this includes the right to reduce the amount provided for children's support as conditions change as well as the right to increase them." 191 P2d at 479. (Emphasis supplied.) See also *Hunter v. Hunter*, 170 Cal App 2d 576, 339 P2d 247 (Dist Ct App 1959), *Parkhurst v. Parkhurst*, 118 Cal 18, 50 P 9 (1897).

■ The obvious rationale for the rule is that the state, independent of the rights of the parents, has an interest in the welfare and support of the children. *Allen v. Allen*, 138 Cal App 2d 706, 292 P2d 581 (Dist Ct App 1956).

■ As the California decree was a valid decree it was entitled to be registered in this state under the provisions of ORS 24.020, which allows the registration of a foreign judgment or decree in any court of this state having jurisdiction of such an action.

■ For his fourth assignment of error the defend-

---

[1] See Warrick v. Hender, 198 So2d 348 (Fla, Dist Ct App 1967), Dee v. Dee, 9 Misc 2d 964, 169 NYS2d 789 (1957), Morgan v. Morgan, 275 Ala 461, 156 So2d 147 (1963), and 67 CJS, Parent and Child, § 15e (2).

ant contends that the garnishment order issued on January 24, 1969, violated the due process requirements of the Fourteenth Amendment. Defendant relies on *Sniadach v. Family Finance Corp.*, 395 US 337, 89 S Ct 1820, 23 L Ed2d 349 (1969) wherein the United States Supreme Court held that the Wisconsin garnishment procedure allowing the garnishment of a wageearner's salary without notice and a prior hearing violated due process. The court was careful to point out, however, that it was referring to a prejudgment garnishment procedure.

In the instant case we are not concerned with a prejudgment garnishment. A valid decree had been entered by the Superior Court in California, and it was a decree which was "entitled to full faith and credit in this state." ORS 24.010. Under ORS 24.060 a levy may be made on the judgment debtor's property at any time after registration of the judgment and regardless of whether jurisdiction of the person of the judgment debtor has been secured or final judgment obtained.

The right to levy under the above statute is the same right that the holder of a domestic judgment has against the property of a judgment debtor. "* * * [T]he rights of the judgment creditor are those which stemmed from the procedure appropriate to garnishment *after*, not before, judgment." (Emphasis supplied). *Beneficial Fin. Co. v. Yellow Transit Frgt. Lines, Inc.*, 450 SW2d 222 (Mo App 1969). See also *Sullivan v. Sullivan*, 168 Neb 850, 97 NW2d 348 (1959), *Nunez v. O.K. Processors, Inc.*, 238 Ark 429, 382 SW2d 384 (1964).

The garnishment procedure followed in this case was allowed by ORS 24.060 and was not the type of

prejudgment garnishment procedure proscribed by the United States Supreme Court in *Sniadach v. Family Finance Corp., supra.*

The judgment of the trial court is affirmed.