Paul J. Widlitz, J.
Plaintiff Alice Adams is the former wife of defendant, from whom she was divorced by decree of an Arkansas court on October 1, 1958. Plaintiff Clark Adams is the son of the marriage who attained his majority on October 13, 1968. Incorporated in but surviving the divorce decree was a separation agreement, dated September 26,1958, which provided for the payment to the wife of support for the son and, under certain conditions, the payment of the son’s college expenses. It is this separation agreement which is the subject of the instant action.
In a proceeding under article 4 of the Family Court Act, the wife petitioned the Family Court, Suffolk County, for several items of relief, including the payment of the son’s college expenses. In a memorandum decision dated July 6, 1967, that court determined that, under the circumstances which prevailed, the husband was not obligated to pay his son’s educational expenses. In another memorandum decision, dated April 2, 1968, the court indicated that the amount of support for which the husband was responsible was $95 per month.
It is defendant’s contention that the determinations of the Family Court constitute collateral estoppel barring this action and that, insofar as the son is concerned, the complaint fails to state a cause of action.
Turning first to the cause of action of plaintiff Alice Adams, it is her claim that the alleged reduction by defendant of support payments for the son to $85 per month, commencing October, 1966 and the subsequent cessation of payments in November, 1968 constituted breaches of the separation agreement. Notwithstanding the determination by the Family Court as to the amount of the support payments to be made by defendant, that court, the jurisdiction of which is limited, did not pass upon the issue involved in the subject cause of action. It merely modified the support requirement of the divorce decree, but its determination did not affect the rights of the wife under the separation agreement which survived the decree (cf. Goldman v. Goldman, 282 N. Y. 296, 305 ; McMains v. McMains, 15 N Y 2d 283, 285). Before the doctrine of collateral estoppel can be involved, “ There must be an identity of issue which has necessarily been decided in the prior action [proceeding] and is decisive of the present action ”. (Schwartz v. Public Administrator of County *380 of Bronx, 24 N Y 2d 65, 71.) Since this requirement has not been met, the doctrine does not apply here. Defendant’s obligations on the contract have not been eliminated or diminished and plaintiff Alice Adams is not barred from maintaining the instant action (Matter of Goldberg v. Goldberg, 58 Misc 2d 117).
The theory upon which the plaintiff son bases his cause of action is that he is a third-party beneficiary of the separation agreement and is entitled to recover the amount of expenses allegedly incurred by him by reason of defendant’s alleged breach of the agreement in failing'to pay his college expenses. The right of a child to bring an action to enforce a provision of a separation agreement between his parents has been upheld by the Court of Appeals in Forman v. Forman (17 N Y 2d 274). The argument that, since the separation agreement did not provide for payment to the son himself of the cost of his college education, he cannot maintain the instant action is not sufficient to warrant dismissal of his cause of action. Clearly, the subject provision of the agreement was designed for his benefit and if, in reliance thereon and in anticipation of reimbursement, he expended sums of money for his college education, his cause of action should not be dismissed for insufficiency in advance of a trial.
The further argument that the doctrine of collateral estoppel bars his cause of action is also ineffective as a basis for dismissal. At the time of the Family Court’s determination with respect to the education clause of the agreement as embodied in the divorce decree, plaintiff Clark Adams was an infant, not represented by a guardian ad litem, and was not a party either to the agreement or the proceeding. He had no standing to attack either the agreement or the divorce decree into which it was incorporated. He was, therefore, not bound by the decree (Matter of “ Smith ” v. “ Jones ”, 43 Misc 2d 350, 353) or by the Family Court’s determination with respect thereto. There was no “full and fair opportunity” for him “to contest the decision now said to be controlling.” (Schwartz v. Public Administrator, supra, p. 71.) The doctrine is, therefore, inapplicable.
The issue as to whether or not defendant has breached the separation agreement to the damage of plaintiffs is one which must be determined upon a plenary trial and, accordingly, defendant’s motion must be denied.