Walter T. Gorman, J.
This is an action commenced by the plaintiff against the defendant to recover support payments that were in arrears. The facts are as follows:
On August 28, 1971, the plaintiff and the defendant entered into a separation agreement wherein the husband agreed to pay the wife $40 a week support for the children of the marriage. Another clause in the separation agreement stated that either party had the right to sue for an absolute divorce in any jurisdiction, but that no decree obtained would affect the separation agreement, and that both parties would continue to be legally bound by it.
On October 26, 1972, the husband obtained a divorce in the State of New York on the grounds that the parties were living separate and apart for one year pursuant to a written separation agreement. Despite the clause in the separation agreement calling for the husband to pay $40 a week support, the divorce decree ordered that the custody, care, support and maintenance of the children be referred to the Family Court for determination.
From August 28, 1971, through December 28, 1972, the husband paid the wife $40 a week support for the children. On *1064 the latter date, the Honorable Daniel S. Dickinson, Jr., a Family Court Judge in and for Broome County, ordered the husband to pay the sum of $30 commencing January 1, 1973, and $30 weekly thereafter.
The husband, Rodney Jewett, has complied with this order. The wife now brings this action, claiming that despite the Family Court order, her former husband is still contractually bound by the separation agreement and must pay support according to that contract.
Does a Family Court order changing the amount of support for children, agreed to by both parents and set forth in a separation agreement, prohibit either of the parents from bringing an action to enforce their rights under that agreement? Does it relieve either of the parents of the support obligations set out in the agreement? Can any change be made, either more or less, where the husband’s financial circumstances have changed?
It is the wife’s contention that any support order made by a Family Court Judge cannot change the contractual arrangement previously entered into. In support of her position she cites Birnbaum v. Birnbaum (70 Misc 2d 462, 464), wherein the court states: ‘1 The first and best rule of construction of every contract, and the only rule we need here, is that, when the terms of a written contract are clear and unambiguous, the intention of the parties must be found therein ”. The applicability of that fundamental rule to separation agreements has been affirmed by the courts on several occasions. Goldman v. Goldman (282 N. Y. 296, 305) said: “that the direction of the court, that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation. The direction of the court may be enforced in manner provided by statute and the plaintiff may still resort to the usual remedies for breach of a contractual obligation if there has been such breach”. (Matter of Goldberg v. Goldberg, 58 Misc 2d 117; McMains v. McMains, 15 N Y 2d 283; Howland v. Howland, 15 A D 2d 122; Adams v. Adams, 66 Misc 2d 378.)
On the other hand, the husband feels that the support order of Family Court has taken over, and supersedes or makes null and void any prior arrangement or agreement. In support of his contention he cites Moat v. Moat (27 A D 2d 895, 896), a case having to do with both alimony and support. It held, “Minor children are not parties to a separation agreement executed by their parents, and the courts are not bound by the *1065 support provisions contained in a separation agreement but are required to provide for the support and welfare of minor children as justice requires.”
Matter of Belt v. Belt (67 Misc 2d 679, 682) held that: “ The duty of a father to support his child is a fundamental right belonging to the child. This right cannot be abrogated or derogated by any agreement or act of the parents. Furthermore, ‘ the courts are not bound by the support provisions contained in a separation agreement but are required to provide for the support and welfare of minor children as justice requires.’ * * * ‘ The husband did not divorce his child, or dissolve his liabilities to it.’” Other cases following this same line of thought are: Matter of Kern v. Kern (65 Misc 2d 765), Matter of Dee v. Dee (9 Misc 2d 964), Brock v. Brock (4 A D 2d 747), and Pinto v. Pinto (91 N. Y. S. 2d 124). The courts have clearly recognized that the duty of a father to support his children is distinct from the obligation to maintain his wife (Cohen v. Cohen, 28 Misc 2d 558).
As a matter of public policy, the .State has a continuing interest in the family. The abiding interest of the State is in the preservation of the family and in maintaining it as a self-sufficient and independent unit. Even when the family entity has been destroyed, the State has a continuiüg interest in allocating the economic burden fairly so that members of the former family group, including the husband, are not individually destroyed by crushing economic and psychological pressures (Kover v. Kover, 29 N Y 2d 408).
New York courts have held that parties to contracts have the right to insert any stipulation they may agree to, but they will not be enforced if they are unconscionable and against public policy. (Fairfield Lease Corp. v. Marsi Dress Corp., 60 Misc 2d 363.)
While there is no absolute right of freedom of contract, the exercise of legislative authority to abridge it can only be justified where the enforcement of such a contract would conflict with the dominant public interest. A statutory restraint on the freedom to contract is violative of the Fourteenth Amendment of the Federal IConstitution, and section 6 of article I of the State Constitution. Such an exercise to prescribe the right to contract will only be allowed where it promotes or preserves the health, safety, morals and welfare of those subject to the State’s jurisdiction. (Matter of City of New York [Brooklyn Bridge], 46 Misc 2d 558.)
*1066 While the eases holding that contractual rights under a separation agreement are not extinguished by a subsequent Family Court decree reducing the amount of support seem to be presently controlling, it seems that the public policy or interest of the State in regard to support and maintenance of children has changed and this is evidenced and expressed by the Legislature in the statutes that they have passed. (See Haag v. Barnes, 11 A D 2d 430.) For example, the fact that there is no substantial change between section 1155 of the old Civil Practice Act and the superseding section, section 236 of the Domestic Relations Law both stating that the court may give direction for support of the wife as in the court’s discretion justice requires indicates that there is no over-all change in the public policy of the State when it comes to alimony. The same can be said for section 1169 of the Civil Practice Act and the superseding section 237 of the Domestic Relations Law governing counsel fees and expenses. The language in both the old and new section states that the court may direct or may malee or modify as in the court’s discretion justice requires. However, the old section having to do with child support, that is, 1170-a of the Civil Practice Act, stated that the court may make such direction as justice requires for the custody, care, education and maintenance of a child while the new section, section 240 of the Domestic Relations Law, sets forth the fact that the court must give such direction for the custody, care, education and maintenance of the child as in the court’s discretion justice requires.
As is evident, there was no change in the legislative intent when it came to alimony or counsel fees but there very definitely was a change with respect to child support. The old section said that the court may. The new section said that the court must.
The wife’s cause of action for support payments in arrears is dismissed. Any agreement between parents for the support of their children is unenforceable as being against the public policy of the State. The Legislature has reserved the power, to regulate support of the child to the courts.